FILED

2022 May-02  PM 03:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | | |
|---|---|---|
| ROCHELLE BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:_____ |
| | ) | |
| TPAF VII TRAILS AT CAHABA, | ) | |
| LLC d/b/a THE TRAILS AT | ) | |
| CAHABA RIVER, TIMBERLAND | ) | |
| PARTNERS, INC; et. al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

COME NOW Defendants, TPAF VII Trails at Cahaba, LLC d/b/a Trails at

Cahaba River[1] ("Trails at Cahaba") and Timberland Partners Management, Inc.,[2]

("Timberland Partners")  (hereinafter collectively referred to as "Defendants"), by

and through their undersigned counsel, and file this Notice of Removal of this action

from the Circuit Court of Jefferson County, Alabama to the United States District

---

[1] Incorrectly identified in Plaintiff's Complaint as "TFAP VII Trails at Cahaba, LLC d/b/a The Trails at Cahaba River". For clarification, the only incorrect part of Defendant's name is the addition of "The" before "Trails".
[2] Incorrectly identified in Plaintiff's Complaint as "Timberland Partners, Inc" (in the Case Style) and "Timberland Properties, Inc." (in the Statement of Parties).

Court for the Northern District of Alabama, Southern Division. In support thereof, Defendants respectfully show unto this Court as follows:

<u>**PROCEDURAL HISTORY**</u>

This is a premises liability case. Plaintiff, Rochelle Bailey ("Plaintiff"), filed this action on March 25, 2022 in the Circuit Court of Jefferson County, Alabama (Case No. CV-2022-900886) against Trails at Cahaba and Timberland Partners. Plaintiff seeks recovery for purported injuries sustained from an alleged fall on Defendants' property, which Plaintiff claims was caused by the negligence and/or negligent hiring, training, maintaining, and supervision of Defendants' premises. (Complaint, ¶¶10-15).

Plaintiff seeks compensatory and punitive damages in an amount to be determined by the trier of fact. (Complaint, Prayer for Relief).  A complete copy of all process, pleadings, and orders served upon Defendants is attached hereto as Exhibit "A," in accordance with 28 U.S.C. § 1446(a).

Defendant Trails at Cahaba was served with the Summons and Complaint on March 31, 2022.  (Exhibit A). Defendant Timberland Partners was served on April 4, 2022. *Id*. This Notice is filed within thirty (30) days of service upon Defendants, which is within the time allowed by 28 U.S.C. § 1446(b). *See Bailey v. Janssen Pharmaceutical, Inc.*, 536 F.3d 1202, 1209 (11th Cir. 2008). All Defendants who

are necessary for removal and have been properly served join in this Notice of Removal, in accordance with 28 U.S.C. § 1446(b)(2)(A).

## JURISDICTION

This case is removable to federal court pursuant to 28 U.S.C. § 1441, based on diversity jurisdiction as provided in 28 U.S.C. § 1332. As discussed below, Trails at Cahaba is deemed a citizen of Minnesota with members who are all foreign citizens and Timberland Partners is deemed a citizen of Minnesota with members whom are all foreign citizens. Plaintiff is a citizen and domiciliary of the State of Alabama. (Complaint, ¶1).

Additionally, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds the sum or value of seventy-five thousand and no cents ($75,000.00), exclusive of interest and costs.

## STANDARD OF REVIEW

A lawsuit may be removed from state court to federal court based on diversity of citizenship if complete diversity exists between the parties and no defendant is a citizen of the state in which the suit is filed. 28 U.S.C. § 1441; *Crespo v. Coldwell Banker, Mortg.*, 599 Fed. App'x 868, 871 (11th Cir. 2014). For removal purposes, the citizenship of fictitious parties is disregarded by the district court. 28 U.S.C. § 1441(b)(1).

## FACTS AND ALLEGATIONS

According to Plaintiff's Complaint, Plaintiff alleges she was injured when she walked to her apartment located at 801 Cahaba Forest Cove in Birmingham, Alabama on May 24, 2020. (Complaint, ¶6). Plaintiff alleges she was caused to lose her balance on the stairway and fell all the way to the bottom of the steps as she struck the concrete pavement. (Complaint, ¶7). Plaintiff alleges Defendants had a duty, failed, knew or should have known that said area was insufficiently illuminated and that said stairway and /or handrail were not marked as hazardous. (Complaint, ¶8). Based upon these factual assertions, Plaintiff has asserted two causes of action: Count I—Negligence and Count II—Negligent hiring, training, maintaining, and supervision of premises by Defendants.

## ARGUMENT

## I.    ALL DEFENDANTS ARE DIVERSE FROM PLAINTIFF.

In addition to Plaintiff, an individual, Plaintiff's Complaint names two (2) corporate entities as defendants: (1) Trails at Cahaba and (2) Timberland Partners. As shown below, and supported by the Declaration of Dan Hoiby[3], both of these entities are diverse from Plaintiff under 28 U.S.C. § 1332(c).

---

[3] For removability purposes, "[a defendant] is presumed to know its own citizenship; indeed, it is in the best position to know it." *Traeger Grills East, LLC v. Traeger Pellet Grills, LLC*, 2011 U.S. Dist. LEXIS 130349, *14-15, 2011 WL 5439330, citing *Cretian v. Job1USA, Inc.*, No. 09-770, 2009 U.S. Dist. LEXIS 116864, 2009 WL 4841039, at *3 (D. Or. Dec. 11, 2009), "[C]ourts surely can presume that a defendant is aware of various basic personal facts, including the location of one's citizenship, without delving into the prohibited area of a defendant's subjective

4

### A.    Plaintiff

Plaintiff is a resident and citizen of the State of Alabama.  (Complaint, ¶1).

### B.    Trails at Cahaba

Trails at Cahaba is a limited liability company formed under the laws of the State of Minnesota with its principal place of business in Minneapolis, Minnesota. (Exhibit B, Declaration of Dan Hoiby, ¶7). Trails at Cahaba is owned by Timberland Partners Apartment Fund VII, LLC. *Id*. at ¶¶8). None of the business entity members or sub-members of Trails at Cahaba are citizens of Alabama. *Id*. at ¶9. Specifically, none of these business entity members or sub-members were formed under the laws of the State of Alabama or have their principal place of business in Alabama. *Id*. Moreover, none of the individual members, including sub-members, of Timberland Partners Apartment Fund VII, LLC are citizens of Alabama, reside in the State of Alabama, were formed in Alabama, or have their principal place of business in Alabama. *Id*. at ¶10. A list of all members and sub-members of Trails at Cahaba and Timberland Partners Apartment Fund VII, LLC are listed in Exhibit "A" to the declaration of Dan Hoiby, Chief Financial Officer of Timberland Partners. (Exhibit B).

---

knowledge." *KDY, Inc. v. Hydroslotter Corp*., No. 08-4074, 2008 U.S. Dist. LEXIS 95698, 2008 WL 4938281, at *4 (N.D. Cal. Nov. 17, 2008).

For purposes of diversity, Trails at Cahaba is a citizen of the following states, as set forth in Exhibit "A" to the Declaration of Dan Hoiby: Washington, Minnesota, Florida, Nebraska, Wisconsin, Colorado, Maryland, Florida, Tennessee, Arkansas, Texas, Wyoming, Georgia, North Carolina, Oklahoma, Oregon, Florida, Arizona, California, Illinois, Wisconsin, Nebraska, Iowa, Massachusetts, North Dakota, Missouri, Kansas, Virginia, New York, Montana, and South Dakota. Therefore, Trails at Cahaba is diverse from Plaintiff.

### D.    Timberland Partners

Timberland Partners, a "S" corporation, was incorporated under the laws of the State of Minnesota, with its principal place of business in the Minneapolis, Minnesota. (Timberland Partners' Answer, ¶3). Timberland Partners has three owners, who are citizens of the State of Minnesota. (Exhibit B, Declaration of Dan Hoiby, ¶5). Accordingly, Timberland Partners is a citizen of Minnesota, and is diverse from Plaintiff.

Therefore, the parties identified in Plaintiff's Complaint constitute all of the parties to this action, and there is complete diversity of citizenship between them, thereby satisfying the citizenship requirements of 28 U.S.C. § 1332.

## II.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00, EXCLUSIVE OF INTEREST AND COSTS.

In order for a case to be removable, the amount in controversy must exceed $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a).[4] When the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). The Eleventh Circuit has noted the amount in controversy requirement of removal was "created by Congress to protect defendants." *Pretka*, 608 F.3d at 766. The Court further reasoned, "Congress did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it." *Id.*

While some cases may require the removing defendant to provide additional evidence demonstrating that removal is proper, in other cases "it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'" *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)

---

[4]   A Notice of Removal "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551 (2014). See *Janis v. Healthnet, Inc.*, 472 F.App.'x 533, 534 (9th Cir. 2012) ("Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the Federal Court's jurisdiction to its Notice of Removal. Section 1446(a) requires merely 'short and plain statement of the grounds for removal.'"). Rather, as the Supreme Court has clarified, "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required only when the plaintiff contests, or the court questions, the defendant's allegation. "*Dart Cherokee*, 135 S.Ct. at 554."

(quoting *Pretka*, 608 F.3d at 754) (quoting in turn *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). When determining if it is "facially apparent" the amount in controversy is satisfied, the Eleventh Circuit does not require district courts to "suspend reality or shelve common sense." *Pretka*, 608 F.3d at 770 (citation omitted). Instead, district courts are permitted to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" and to use their "judicial experience and common sense" in determining whether the minimum jurisdictional amount is satisfied.  *Roe*, 613 F.3d at 1061–62; *Pretka*, 608 F.3d at 770, 754.

Plaintiff's Complaint alleges claims of negligence against Defendants and demands compensatory and punitive damages in an amount to be assessed by a trier of fact. (Complaint, Prayer for Relief). According to Plaintiff's Complaint, as a result of the alleged incident, she claims to have suffered personal injuries and damages as follows: fractures, lacerations, breaks, injuries, and or fracture of the lateral malleolus and a dislocated ankle; permanent disfigurement; medical bills, hospital bills, doctors bills and prescription expenses due to her injuries and she will be caused to incur additional bills in the future; physical pain and discomfort; and mental anguish. (Complaint, ¶14 (A-E)).

Pursuant to recent precedent, Plaintiff's Complaint, with claims of negligence and negligent hiring, training, maintaining and supervision of premises, allegedly causing physical, emotional, and economic damages, on its face establishes the

requisite amount in controversy. See *Bush v. Winn Dixie Montgomery, LLC*, 132 F. Supp. 3d 1317 (N.D. Ala. 2015) (granting plaintiff's motion to remand, holding that the defendant failed to timely remove within thirty (30) days of receipt of plaintiff's summons and complaint where complaint contained a wantonness claim and alleged significant personal injuries); *Green v. Wal-Mart Stores East, L.P.*, 2014 U.S. Dist. LEXIS 166805, *2 (N.D. Ala. Dec. 2, 2014) (holding that "[i]n her complaint, [plaintiff] alleges both that the defendant's negligence caused her to suffer mental anguish and that its wantonness entitled her to punitive damages.  Plaintiff conspicuously makes no formal or express disclaimer to damages in excess of $74,999. Therefore, under up-to-date Eleventh Circuit jurisprudence it is apparent that the amount in controversy in this case exceeds the sum of $75,000"); *Coleman v. Dollar General Corp.* No. 2:15-cv-01735 (N.D. Ala. December 18, 2015) (holding that when "Plaintiff has made 'an unspecified demand for damages in state court, a removing [d]efendant must prove by a preponderance of evidence that the amount in controversy more likely than not exceeds . . . the jurisdictional requirement,' "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable . . . The court may use its "judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements . . ." additionally, the

Eleventh Circuit instructs that district courts "must consider punitive damages in determining the amount in controversy," unless it is apparent the same cannot be recovered.); *Smith v. State Farm & Casualty Co.*, 868 F. Supp. 2d 1333, 1334 (N.D. Ala. 2012) (holding that plaintiffs "who want to pursue claims against diverse parties in state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that the plaintiff will never accept more. Otherwise, a plaintiff will find herself in a federal court, which is now saddled by Congress with a new and heavy burden").

In *Bush*, *supra,* the Court granted the plaintiff's motion to remand, holding that the defendant failed to timely file its removal notice within thirty (30) days of receipt of plaintiff's summons and complaint. *Bush*, 132 F. Supp. 3d 1321-22. Despite the fact the complaint contained no *ad damnum* clause and failed to specify the alleged body parts that were injured as a result of the complained of incident, the Court noted that "the Eleventh Circuit…has finally acknowledged the self-evident, namely, that a plaintiff like Bush, who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that defendant with wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000." *Id.* at 1318. The Court went on to state "[t]his new opening of the federal courts of

Alabama to non-resident defendants has taken away the artificial and unfair obstacle to removal erected by Alabama plaintiffs, namely, the expedient of leaving out an ad damnum clause." *Id*. at 1318-19. "This court has since 2010 reversed course and held that a plaintiff like Bush who wants to stay in her chosen forum must formally acknowledge a $74,999.99 limitation on any recovery." *Id*. at 1319.

In *Smith v. State Farm Fire & Cas. Co.*, the plaintiff suffered damage to her house as a result of a storm, and she sought $36,910.36 in repair costs in addition to "economic damages, emotional distress damages, punitive damages, and 'such other and different relief' as to which she may be entitled." 868 F. Supp. at 34. After removal, the plaintiff filed a motion to remand denying that the amount in controversy exceeded $75,000.00. *Id* at 1334. Judge Acker noted that the plaintiff's complaint did not include an *ad damnum* clause. *Id.* at 1335. Judge Acker further opined that he was "willing to go so far as to inform plaintiffs like Smith, who want to pursue claims against adverse parties in a state court seeking unspecified damages of various kind, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more. Otherwise, a plaintiff will find herself in federal court, which is now saddled by Congress with a new and heavy burden."[5]  Thus, according to *Smith v. State Farm Fire & Cas. Co.*, where a

---

[5] Congressional amendment to 28 U.S.C. § 1446.

plaintiff contends in a remand motion that the amount in controversy is not in excess of $75,000.00, but she fails to acknowledge that in her complaint and agree to never seek in excess of $75,000.00, the diversity jurisdictional amount in controversy threshold has been met by a defendant's removal.

In *Seckel v. Traveler's Home & Marine Ins. Co.*, *supra*, the plaintiff sought compensatory damages and emotional damages, in addition to equitable and monetary damages the Court deemed necessary "to compensate him for damages he suffered as a consequence of an automobile accident . . ." 2013 U.S. Dist. LEXIS 11582 *1. Traveler's removed the case, and Judge Karen Bowdre entered an order to show cause why the case should not be remanded. *Id.* a *2. Thereafter, Traveler's argued that Judge Bowdre should consider a letter from the plaintiff, which stated in pertinent part that he "[was] seeking to be made whole . . . I have no doubt I can win a 6 figure judgement on this." *Id.* Judge Bowdre held that letter was not sufficient to establish the jurisdictional amount to establish diversity. *Id.* However, Judge Bowdre noted that the plaintiff was not only seeking $26,340.00 in compensatory damages, "but also 'such equitable and monetary damage' as this court sees fit on his intentional infliction of emotional distress and unjust enrichment claims. 'Such equitable and monetary damage' could foreseeably total or exceed $48,660.00 in unspecified damages." *Id.* at *3-4. In denying the plaintiff's motion to remand, Judge Bowdre opined that if the plaintiff had "seriously thought" the case was worth less

than $75,000.00, he had an opportunity to make this clear to the defendant and to the Court by submitting an affidavit in support of his motion, specifically stating that he did not claim any more than $74,999.99. *Id*. at *4. Judge Bowdre concluded that "[w]ithout an affidavit from [the plaintiff] stating that he will not claim any more than $74,999.99 from Traveler's in damages, this court has jurisdiction over the case and DENIES [the plaintiff's] motion to remand." *Id.* at *5.

In *Hogan v. Mason*, 2017 U.S. Dist. LEXIS 55055, the plaintiff filed a motion to remand, asserting that the amount in controversy was not satisfied due to a demand letter wherein he demanded $40,000.00 in full and final satisfaction of all claims and the plaintiff informed the defendant that he was not demanding more than $75,000.00 or claiming that the case had a greater value than that amount. *Id.* at 3. The defendant argued that the settlement demands occurred after removal and therefore could not serve has a basis for establishing the amount in controversy. *Id.* at 3-4. Judge Bowdre cited *Sierminski v. Trans South Fin. Corp.*, 216 F. 3d 945 (11ᵗʰ Cir. 2000) and *Jackson v. Select Portfolio Serv., Inc.*, 251 F. 2d 1279 (S.D. Ala. 2009), stating that post-removal evidence could be considered, in part, in making a determination as to the amount in controversy. *Id.* at 4-5. Judge Bowdre further noted that the plaintiff did not file any stipulation, affirmative representation, or affidavit attesting that the amount in controversy does not exceed $75,000.00, exclusive of interest and costs, and/or that he would not accept more than $75,000.00." *Id.* at 6;

referencing *Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d. 1333, 1335 (N.D. Ala. 2012) and *Seckel v. Travelers Home and Marine Ins. Co., supra. Id*.  Due to the plaintiff's complaint alleging injuries and damages including medical treatment, hospital treatment, and injuries to his neck, back, head, legs and hips, some of which may have been permanent or disfiguring, Judge Bowdre opined that the amount in controversy threshold was met and denied plaintiff's motion to remand. *Id*. at 6-7.

Based upon the above-cited authorities, it is facially apparent from Plaintiff's Complaint the amount in controversy exceeds the jurisdictional requirement and removal is proper under 28 U.S.C. § 1332 and § 1446.  See *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058 (11th Cir. 2010).

Additionally, Plaintiff's Complaint seeks punitive damages in this case. It is well established that "[p]unitive damages must be considered when determining the jurisdictional amount in controversy and diversity cases." *Rae v. Perry*, 392 Fed. Appx. 753, 755 (11th Cir. 2010), citing *Holley Equip. Co. v. Credit Alliance Corp.,* 821 F. 2d 1531, 1535 (11th Cir. 1987).

Because Defendants are corporate entities, Plaintiff's punitive damages must be carefully evaluated by this Court. "[W]hen considering claims for punitive damages against large companies, it is clear that 'any award that is soundly and honestly calculated to punish and deter [a large company's] wanton behavior . . . would have to be substantial.' *Pullum v. Ford Motor Co.*, No.: 2:19-cv-120-ECM,

2019 WL 2578948, at *2 (M.D. Ala. June 21, 2019) (quoting *Roe v. Michelin N. Am. Inc.*, 637 F. Supp. 2d 995, 998 (M.D. Ala. 2009), *aff'd*, 613 F.3d 1058 (11th Cir. 2013)). In *Pullum v. Ford Motor Co.*, the court held a large punitive damages award could be awarded, and ultimately, plaintiff's motion to remand was denied. *Id.* at *2-3. The analysis is no different as applied to Defendants.

In the present case, Defendants deny they are liable to Plaintiff in any amount, but do not dispute that the amount in controversy exceeds $75,000.00. Applying the allegations of Plaintiff's Complaint to the factors discussed above, judicial experience and common sense dictate that the value of Plaintiff's claims, as pled, more likely than not exceed $75,000.00.

## CONCLUSION

For the forgoing reasons, Defendants have satisfied all procedural requirements with respect to timing, diversity of citizenship and amount in controversy, and removal is proper. See 28 U.S.C. §§ 1332, 1441, and 1446.

WHEREFORE, PREMISES CONSIDERED, Defendants pray the filing of this Notice of Removal, the serving of written notice on Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of Jefferson County, Alabama, shall justify removal of said suit to this Honorable Court.

Respectfully submitted this the 2nd day of May, 2022.

 /s/ Angel A. Croes
ANGEL A. CROES (ASB-6785-E-49D)
HANNAH H. STOKES (ASB-1693-O-40G)
Attorneys for Defendants


**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama  35216
Telephone:  (205) 822-2006
Facsimile:   (205) 822-2057


## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of May, 2022, I have served a copy of the above and foregoing on counsel for all parties by:

_____Facsimile transmission;

_____Hand Delivery;

 XX  Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to; and/or

_____Using the Alafile or CM/ECF system which will send notifications of such to the following:


Antonio Spurling
Spurling Law Firm, LLC
406 19th Street Suite 100
Birmingham, Alabama 35218
Aspurling.esq@gmail.com

Angel A. Croes
Of Counsel