FILED
2022 May-02  PM 03:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

# Copies of All Pleadings, Process, Papers on File in the Record of the State Court Action



| LogOff

Name: Durial McCurdy          User ID: DMM          Last login Date: 5/2/2022 11:46:02 AM

Monitor Case                    Print Case

| County: | 01-JEFFERSON - BIRMINGHAM | Case Number: CV-2022-900886.00 | Judge: | BBG-BRENDETTE BROWN GREEN | Trial Type: J-JURY |
| Style: | ROCHELLE BAILEY V. TIMBERLAND PARTNERS, INC. ET AL | | Filed: | 03/25/2022 | Status: A-ACTIVE |
| Type: | NEGLIGENCE-GENERAL | | Court Action: | | Track: |

Case   DHR   Parties   Consolidated Case Action Summary   Images   Financial   Motions   Entire Case

### Images - 01-CV-2022-900886.00

| Date | Document Number | Title | Description | Pages |
|---|---|---|---|---|
| 3/25/2022 2:33:28 PM | 1 | CIVIL_COVER_SHEET | CIRCUIT COURT - CIVIL CASE | 1 |
| 3/25/2022 2:33:28 PM | 2 | COMPLAINT | | 6 |
| 3/25/2022 2:33:28 PM | 3 | SUPPORTING DOCUMENT | SUMMONS | 2 |
| 3/25/2022 2:33:28 PM | 4 | MISC. DOCUMENT | Notice of Discovery | 2 |
| 3/25/2022 2:33:28 PM | 5 | REQUEST FOR ADMISSION(R36) | Notice of Discovery | 3 |
| 3/25/2022 2:33:28 PM | 6 | REQUEST FOR PRODUCTION(R34) | Notice of Discovery | 2 |
| 3/25/2022 2:33:28 PM | 7 | INTERROGATORIES(R33) | Notice of Discovery | 7 |
| 3/25/2022 2:33:28 PM | 8 | DEPOSITION - ORAL(R30) | Notice of Discovery | 6 |
| 3/25/2022 2:36:18 PM | 9 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 3/25/2022 2:36:18 PM | 10 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 2 |
| 3/25/2022 4:02:52 PM | 11 | NOTICE | TO CLERK | 3 |
| 4/4/2022 9:29:04 AM | 12 | SERVICE RETURN | SERVICE RETURN | 2 |
| 4/4/2022 9:29:11 AM | 13 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 1 |
| 4/4/2022 4:34:00 PM | 14 | SERVICE RETURN | SERVICE RETURN | 2 |
| 4/4/2022 4:34:06 PM | 15 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 1 |
| 5/2/2022 10:09:26 AM | 16 | ANSWER | Defendant Timberland Partners Management Inc.'s Answer | 17 |
| 5/2/2022 10:09:30 AM | 17 | ANSWER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 4 |
| 5/2/2022 10:13:40 AM | 18 | ANSWER | Defendant TPAF VII Trails at Cahaba, LLC d/b/a Trails at Cahaba River's Answer | 17 |
| 5/2/2022 10:13:45 AM | 19 | ANSWER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |

DOCUMENT 1

ELECTRONICALLY FILED
3/25/2022 2:34 PM
01-CV-2022-900886.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93  Rev. 9/18 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca<br>01<br>Date of Filing:<br>03/25/2022 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### ROCHELLE BAILEY v. TIMBERLAND PARTNERS, INC. ET AL

**First Plaintiff:**  ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:**  ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

| TORTS: PERSONAL INJURY | OTHER CIVIL FILINGS (cont'd) |
|---|---|
| ☐ WDEA - Wrongful Death | ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve |
| ☑ TONG - Negligence: General | ☐ CVRT - Civil Rights |
| ☐ TOMV - Negligence: Motor Vehicle | ☐ COND - Condemnation/Eminent Domain/Right-of-Way |
| ☐ TOWA - Wantonness | ☐ CTMP - Contempt of Court |
| ☐ TOPL - Product Liability/AEMLD | ☐ CONT - Contract/Ejectment/Writ of Seizure |
| ☐ TOMM - Malpractice-Medical | ☐ TOCN - Conversion |
| ☐ TOLM - Malpractice-Legal | ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division |
| ☐ TOOM - Malpractice-Other | |
| ☐ TBFM - Fraud/Bad Faith/Misrepresentation | ☐ CVUD - Eviction Appeal/Unlawful Detainer |
| ☐ TOXX - Other: _____ | ☐ FORJ - Foreign Judgment |
| | ☐ FORF - Fruits of Crime Forfeiture |
| **TORTS: PERSONAL INJURY** | ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition |
| ☐ TOPE - Personal Property | ☐ PFAB - Protection From Abuse |
| ☐ TORE - Real Property | ☐ EPFA - Elder Protection From Abuse |
| | ☐ QTLB - Quiet Title Land Bank |
| **OTHER CIVIL FILINGS** | ☐ FELA - Railroad/Seaman (FELA) |
| ☐ ABAN - Abandoned Automobile | ☐ RPRO - Real Property |
| ☐ ACCT - Account & Nonmortgage | ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship |
| ☐ APAA - Administrative Agency Appeal | ☐ COMP - Workers' Compensation |
| ☐ ADPA - Administrative Procedure Act | ☐ CVXX - Miscellaneous Circuit Civil Case |
| ☐ ANPS - Adults in Need of Protective Service | |

**ORIGIN:**  F ☑ INITIAL FILING  A ☐ APPEAL FROM DISTRICT COURT  O ☐ OTHER

R ☐ REMANDED  T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☐ YES  ☑ NO  Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| SPU006 | 3/25/2022 2:34:01 PM | /s/ ANTONIO DELFONJIA SPURLIN |
|---|---|---|
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:**  ☐ YES  ☐ NO  ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**  ☐ YES  ☑ NO



ELECTRONICALLY FILED
3/25/2022 2:34 PM
01-CV-2022-900886.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### (BIRMINGHAM DIVISION)

ROCHELLE BAILEY                                    )
                                                   )
    Plaintiff,                   )
                                                   )
v.                                                 )
                                                   )
TPAF VII TRAILS AT CAHABA, LLC d/b/a               )
THE TRAILS AT CAHABA RIVER,                        )
TIMBERLAND PARTNERS, INC and                       )
DEFENDANTS C, D & E, the                           )
persons, corporations or other                     )
owners, managers, employees or                     )
those who were charged with or                     )
undertook to provide reasonably                    )
safe premises;                                     )
DEFENDANTS F, G & H, who                           )
had responsibility to properly                     )
maintain the area where                            )
the Plaintiff was injured as result of defect as   )
alleged in their complaint;                        )
DEFENDANTS I, J & K, the                           )
persons, corporations or other                     )
legal entities who or which were                   )
in any way legally responsible                     )
for the injuries and damages                       )
claimed all of whose true and                      )
correct names are otherwise                        )
unknown to the plaintiffs at this                  )
time but will be added by                          )
amendment when ascertained;                        )
DEFENDANTS L, M & N, the                           )
persons responsible for training, supervising,     )
Hiring, maintaining the premises, servicing,       )
repairing, revising and or ensuring that said area )
met city, state, federal and or ADA Code           )
specifications for compliance re ramps, curbs,     )
and or walkways where said Plaintiff               )
was injured on the premises.                        )
                                                   )
    Defendants.                  )

## COMPLAINT

### STATEMENT OF PARTIES

1.      Plaintiff, ROCHELLE BAILEY an adult resident citizen of Jefferson County in Birmingham, Alabama and over nineteen (19) years of age.

2.      Defendant, TPAF VII TRAILS AT CAHABA, LLC d/b/a THE TRAILS AT CAHABA RIVER, is an incorporated entity which at all times herein was and is in the business within the jurisdiction of Jefferson County, Alabama.

3.      Defendant, TIMBERLAND PROPERTIES, INC, is an incorporated business which at all times herein was and is in the business within the jurisdiction of Jefferson County, Alabama.

4.      Defendants (hereafter referred to as "collective negligent, joint and/or severally liable defendants") are enumerated in preceding paragraphs and below paragraphs.

### STATEMENT OF THE FACTS

5.      Plaintiffs adopts, incorporates and re-allege all averments set forth in paragraphs one through four and further alleges as follows:

6.      Plaintiff ROCHELLE BAILEY alleges that on or about May 24, 2020 as she was walking to her apartment located at 801 Cahaba Forest Cove, Birmingham, AL 35242 which is the site where she was injured due to the Defendants' negligence causing Plaintiff ROCHELLE BAILEY  to be seriously injured as a direct and proximate cause of said collective negligence of the defendants' as set forth in this complaint.

7.     Plaintiff ROCHELLE BAILEY further alleges that due to the Defendants'
negligence she lost her balance on the stairway and fell all the way to the bottom of the
steps as she struck the concrete pavement. Further and as a result of the Defendants'
negligence, she sustained the below injuries, damages and permanent disfigurement as a
direct and proximate result of said defendants' collective negligence and or joint and
severally liability.

8.     Plaintiff ROCHELLE BAILEY further alleges that at the time of the incident
made the basis of this complaint, the Defendants had a duty, failed, knew or should have
known that said area was insufficiently illuminated and that said stairway and/or handrail
were not marked as hazardous and that said Defendants' knew or should have known that
said area was hazardous.

9.     Defendants actions and or inactions by failing to use reasonable care, failing to
sufficiently warn; failing to give Plaintiff ROCHELLE BAILEY, sufficient warning so
that she might avoid said hazardous conditions as result of Defendants' negligence she
fell on said premises and was injured as set.

        WHEREFORE WITH ALL PREMISES CONSIDERED, Plaintiff ROCHELLE
BAILEY demands a judgment against said collective Defendants, for her injuries,
seeking compensatory, punitive damages, medical bill reimbursement as direct and
proximate result of the Defendants collectively, jointly, several liability plus cost of court
and expenses.

## COUNT ONE
### (Negligence)

10.    Plaintiff ROCHELLE BAILEY adopts by reference each and every allegation set
forth in paragraph one through nine as if fully set out herein and further alleges as

follows:

11.     Plaintiff ROCHELLE BAILEY alleges that Defendants had a duty to disclose said hazardous conditions that were unknown to said Plaintiff such as Rochelle Bailey and those that would not be discovered by her in the exercise of ordinary care as a lay person.

12.     Plaintiff ROCHELLE BAILEY further alleges that the Defendants and fictitious Defendant A-N (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained), breached said duty owed to Plaintiff as tenant and/or business invitee,, in negligently allowing the hazardous conditions to wit the Plaintiff was injured at said site on the Defendant's premises.

13.     Plaintiff ROCHELLE BAILEY further alleges that Defendants knew or should have known that said stairway and/or its hand railing was not compliant with code and was a hidden defect which constitutes negligence conduct and/or that a business invitee such as Plaintiff ROCHELLE BAILEY injuries were foreseeable in that the  stairway and/or its hand railing was defective and not to code.

14.     The Plaintiff ROCHELLE BAILEY further alleges that as a direct and proximate result of the Defendants' aforesaid negligence, she was injured and damaged as follows:

        A. She was caused to suffer fractures, lacerations, breaks, injuries, and /or fracture of the lateral malleolus and a dislocated ankle;

        B. She was caused to seek medical attention for her injuries and will be caused to seek additional medical attention in the future for her permanent disfigurement;

        C. She was caused to incur medical bills, hospital bills, doctors bills and prescription expenses due to her injuries and she will be caused to incur additional bills in the future;

D. She was caused to suffer physical pain and discomfort;

E. She was caused to suffer mental anguish.

WHEREFORE WITH ALL PREMISES CONSIDERED, the Plaintiff ROCHELLE BAILEY demands compensatory and punitive damages against the Defendants and fictitious Defendants A-N (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained), in such an amount as a determined by the trier of fact, plus costs.

## COUNT TWO

### (Negligent Hiring, Training, Maintaining, Supervision of Premises)

15.     Plaintiff ROCHELLE BAILEY adopts by reference each and every allegation set forth above and father alleges as follows:

16.     Plaintiff ROCHELLE BAILEY further alleges that the Defendants had a duty to properly and adequately hire, train, failing to maintain said premises, and supervise its employees or agents so that said agents/employees would not cause and/or allow said hazardous conditions to exist on said premises  as described herein.

14.     Plaintiff ROCHELLE BAILEY further alleges that said Defendants breached said duty owed to business invitee and/or tenants such as said Plaintiff by negligently hiring, failing to maintain premises, training and/or supervising its employees or agents in maintaining said premises, which resulted in the injuries to the Plaintiff described herein.

15.     The Plaintiff ROCHELLE BAILEY further alleges that as a proximate result of said Defendants' negligent conduct said Plaintiff was injured and damaged as set out herein.

WHEREFORE WITH ALL PREMISES CONSIDERED, Plaintiff ROCHELLE

BAILEY demands compensatory and punitive damages against the all of the

aforementioned Defendants and fictitious Defendants A-N (whose true and correct names

are unknown to the Plaintiffs at this time but will be added by amendment when

ascertained), in such an amount as a determined by the trier of fact, plus costs.

Respectfully submitted,
s/Antonio D. Spurling, Esquire
Antonio D. Spurling (SPU006)
Attorney for the Plaintiff
SPURLING LAW FIRM, LLC
406 19th Street Suite 100
Birmingham, Alabama 35218

**PLEASE SERVE THE DEFENDANTS AT THE ADDRESS LISTED BELOW
WITH THE ABOVE LAWSUIT COMPLAINT, DISCOVERY AND THE
ATTACHED SUMMONS:**

Timberland Partners, Inc.
**ATTN: Kelly R. Litrell, Registered Agent**
PO 1827 Old Moulton Road
Decatur, AL 35602

TPAF VII Trails at Cahaba, LLC
**ATTN: C T Corporation System**
2 North Jackson Street
Suite 605
Montgomery, AL 36104

DOCUMENT 3

ELECTRONICALLY FILED
3/25/2022 2:34 PM
01-CV-2022-900886.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### (BIRMINGHAM DIVISION)

| | |
|---|---|
| ROCHELLE BAILEY | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| TPAF VII TRAILS AT CAHABA, LLC d/b/a | ) |
| THE TRAILS AT CAHABA RIVER, | ) |
| TIMBERLAND PARTNERS, INC | ) |
| | ) |
| **Defendants.** | ) |

## SUMMONS

To any sheriff or any person authorized by either Rules 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure to effect service. You are hereby commanded to serve this summons and a copy of the complaint in the action upon the defendant:

Timberland Partners, Inc.
**ATTN: Kelly R. Litrell, Registered Agent**
PO 1827 Old Moulton Road
Decatur, AL 35602

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFF'S ATTORNEY ANTONIO D. SPURLING, WHOSE ADDRESS IS 406 19th STREET , SUITE 100, BIRMINGHAM ALABAMA 35218. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OR YOUR ANSWER WITH THE CLERK OF COURT.**

_____          _____
DATE                                         CLERK/REGISTER

-----------------------------------------------------------------------------------------------------

### RETURN OF SERVICE

I certify that I personally delivered a copy of the Summons and Complaint to Timberland Partners, Inc. in _____ on (date) _____.

Address of Server:

_____          _____
SIGNATURE OF SERVER                   TYPE OF PROCESS SERVER

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### (BIRMINGHAM DIVISION)

| | |
|---|---|
| **ROCHELLE BAILEY** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **TPAF VII TRAILS AT CAHABA, LLC d/b/a** | ) |
| **THE TRAILS AT CAHABA RIVER,** | ) |
| **TIMBERLAND PARTNERS, INC.** | ) |
| | ) |
| **Defendants.** | ) |

### SUMMONS

To any sheriff or any person authorized by either Rules 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure to effect service. You are hereby commanded to serve this summons and a copy of the complaint in the action upon the defendant:

TPAF VII Trails at Cahaba, LLC
**ATTN: C T Corporation System**
2 North Jackson Street
Suite 605
Montgomery, AL 36104

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFF'S ATTORNEY ANTONIO D. SPURLING, WHOSE ADDRESS IS 406 19th STREET , SUITE 100, BIRMINGHAM ALABAMA 35218. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OR YOUR ANSWER WITH THE CLERK OF COURT.**

_____          _____
DATE                                                     CLERK/REGISTER

--------------------------------------------------------------------------------
### RETURN OF SERVICE
I certify that I personally delivered a copy of the Summons and Complaint to TPAF VII Trails at Cahaba, LLC in _____ on (date) _____.

Address of Server:

_____          _____
SIGNATURE OF SERVER                           TYPE OF PROCESS SERVER

DOCUMENT 4

ELECTRONICALLY FILED
3/25/2022 2:34 PM
01-CV-2022-900886.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## (BIRMINGHAM DIVISION)

| | |
|---|---|
| ROCHELLE BAILEY | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| TPAF VII TRAILS AT CAHABA, LLC d/b/a | ) |
| THE TRAILS AT CAHABA RIVER, | ) |
| TIMBERLAND PARTNERS, INC. | ) |
| | ) |
| **Defendants.** | ) |

### NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

TO:   Jacqueline Anderson-Smith
      Clerk-Circuit Court of Jefferson County
      716 Richard Arrington Blvd N
      Birmingham, AL 35203

Please take notice that the following discovery documents have been filed and propounded upon Defendants' TPAF VII TRAILS AT CAHABA d/b/a THE TRAILS AT CAHABA RIVER and TIMBERLAND PARTNERS. on behalf of the Plaintiff:

(**X**)  Interrogatories to Defendants
       TPAF VII TRAILS AT CAHABA and TIMBERLAND PARTNERS
( )    Answers to Interrogatories
( )    Answers to Supplemental Interrogatories
(**X**)  Requests for Production of Documents to Defendants
       TPAF VII TRAILS AT CAHABA and TIMBERLAND PARTNERS
( )    Response to Requests for Production of Documents
(**X**)  Request for Admissions to Defendants
       TPAF VII TRAILS AT CAHABA and TIMBERLAND PARTNERS
( )    Response to Request for Admissions
( )    Notice of Intent to Serve Subpoena
(**X**)  Notice of Deposition for
       TPAF VII TRAILS AT CAHABA and TIMBERLAND PARTNERS

Dated this the 25th day of March, 2022

Respectfully submitted,
/s/ Antonio D. Spurling
Antonio D. Spurling, Esq. (SPU006)
Counsel for Plaintiff Rochelle Bailey

**OF COUNSEL**
**SPURLING LAW FIRM, LLC**
406 19th Street, Suite 100
Birmingham, ALABAMA 35218
Telephone:  (205) 788-7006
Facsimile:  (205) 725-6052

**PLEASE SERVE THE DEFENDANTS AT THE ADDRESS LISTED BELOW**
**WITH THE ABOVE LAWSUIT COMPLAINT, DISCOVERY AND THE**
**ATTACHED SUMMONS:**

Timberland Partners, Inc.
**ATTN: Kelly R. Litrell, Registered Agent**
PO 1827 Old Moulton Road
Decatur, AL 35602

TPAF VII Trails at Cahaba, LLC
**ATTN: C T Corporation System, Registered Agent**
2 North Jackson Street
Suite 605
Montgomery, AL 36104

DOCUMENT 5

ELECTRONICALLY FILED
3/25/2022 2:34 PM
01-CV-2022-900886.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**(BIRMINGHAM DIVISION)**

| | |
|---|---|
| **ROCHELLE BAILEY** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **TPAF VII TRAILS AT CAHABA, LLC d/b/a** | ) |
| **THE TRAILS AT CAHABA RIVER,** | ) |
| **TIMBERLAND PARTNERS, INC.** | ) |
| | ) |
| **Defendants.** | ) |

## PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS FOR DEFENDANT TPAF VII TRAILS AT CAHABA, LLC AND DEFENDANT TIMBERLAND PARTNERS, INC.

COMES NOW, the Plaintiffs, by and through counsel, pursuant to Rule 36 of the *Alabama Rules of Civil Procedure*, request for the Defendant TPAF THE TRAILS AT CAHABA, LLC d/b/a THE TRAILS AT CAHABA RIVER and TIMBERLAND PARTNERS, INC., to admit or deny to the following in writing and under oath:

1.      Please admit that this Defendant was properly served with the summons and complaint concerning the incident which made the basis of this lawsuit.

2.      Please admit or deny that this Defendant, on or about May 24, 2020, owned the property located at 801 Cahaba Forest Cove, Birmingham, AL 35242 at the time of the incident which made the basis of this lawsuit.

3.      Please admit or deny that this Defendant is present the landlord of the subject property located at 801 Cahaba Forest Cove, Birmingham, AL 35242 at the time of the incident which made the basis of this lawsuit.

4.      Please admit or deny that this Defendant was previously the landlord of the subject property located at 801 Cahaba Forest Cove, Birmingham, AL 35242 at the time of the incident which made the basis of this lawsuit.

5.      Please admit or deny that this Defendant installed, hired a contractor and or instructed an employee to install the stairway and handrails in front of the subject property location during said period of ownership of the property located at 801 Cahaba Forest Cove, Birmingham, AL 35242.

6.      Please admit or deny that this Defendant obtained permits and received final inspection approval from the City of Birmingham for the installation of the stairway and handrails concrete ramps in front of the subject property during said period of ownership.

RESPONSE:

7.      Please admit or deny that this Defendant is responsible for the maintenance of the stairway and handrails in front of 801 Cahaba Forest Cove, Birmingham, AL 35242 at the time of the incident which made the basis of this lawsuit.

8.      Please admit or deny that this Defendant is responsible for the maintenance of the stairway and handrails in front of 801 Cahaba Forest Cove, Birmingham, AL 35242 at the time of the incident which made the basis of this lawsuit.

9.      Please admit or deny that this Defendant is responsible for the maintenance of the common areas in front of 801 Cahaba Forest Cove, Birmingham, AL 35242  at the time of the incident which made the basis of this lawsuit.

10.     Please admit or deny that the stairway and hand rails in front of the subject property were not in compliance with the local building codes at the time of the incident which made the basis of this lawsuit.

11.     Please admit or deny that the stairway and handrails in front of the subject property were not compliance with international building codes at the time of the incident which made the basis of this lawsuit.

12.     Please admit or deny that the stairway and handrails in front of the subject property were not compliant with international building codes at the time of the incident which made the basis of this lawsuit.

13.     Please admit or deny that this Defendant did not alter the stairway and handrails in front of said property during the period of ownership prior to the incident which made the basis of this lawsuit.

14.     Please admit or deny that this Defendant did not inspect the stairway and handrails to ensure that they were compliant with building codes since the commencement of ownership.

Respectfully submitted,
/s/ Antonio D. Spurling
Antonio D. Spurling, Esq. (SPU006)
Counsel for Plaintiff Rochelle Bailey

**OF COUNSEL**
**SPURLING LAW FIRM, LLC**
406 19th Street, Suite 100
Birmingham, ALABAMA 35218
Telephone: (205) 788-7006
Facsimile:  (205) 725-6052

**PLEASE SERVE THE DEFENDANTS AT THE ADDRESS LISTED BELOW WITH THE ABOVE LAWSUIT COMPLAINT, DISCOVERY AND THE ATTACHED SUMMONS**:

Timberland Partners, Inc.
**ATTN: Kelly R. Litrell, Registered Agent**
PO 1827 Old Moulton Road
Decatur, AL 35602

TPAF VII Trails at Cahaba, LLC
**ATTN: C T Corporation System, Registered Agent**
2 North Jackson Street
Suite 605
Montgomery, AL 36104

DOCUMENT 5

ELECTRONICALLY FILED
3/25/2022 2:34 PM
01-CV-2022-900886.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**(BIRMINGHAM DIVISION)**

| | |
|---|---|
| **ROCHELLE BAILEY** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **TPAF VII TRAILS AT CAHABA, LLC d/b/a** | ) |
| **THE TRAILS AT CAHABA RIVER,** | ) |
| **TIMBERLAND PARTNERS, INC.** | ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS FOR DEFENDANT TPAF
VII TRAILS AT CAHABA, LLC AND DEFENDANT TIMBERLAND PARTNERS,
INC.**

COMES NOW, the Plaintiffs, by and through counsel, pursuant to Rule 36 of the *Alabama Rules of Civil Procedure*, request for the Defendant TPAF THE TRAILS AT CAHABA, LLC d/b/a THE TRAILS AT CAHABA RIVER and TIMBERLAND PARTNERS, INC., to admit or deny to the following in writing and under oath:

1.     Please admit that this Defendant was properly served with the summons and complaint concerning the incident which made the basis of this lawsuit.

2.     Please admit or deny that this Defendant, on or about May 24, 2020, owned the property located at 801 Cahaba Forest Cove, Birmingham, AL 35242 at the time of the incident which made the basis of this lawsuit.

3.     Please admit or deny that this Defendant is present the landlord of the subject property located at 801 Cahaba Forest Cove, Birmingham, AL 35242 at the time of the incident which made the basis of this lawsuit.

4.     Please admit or deny that this Defendant was previously the landlord of the subject property located at 801 Cahaba Forest Cove, Birmingham, AL 35242 at the time of the incident which made the basis of this lawsuit.

5.     Please admit or deny that this Defendant installed, hired a contractor and or instructed an employee to install the stairway and handrails in front of the subject property location during said period of ownership of the property located at 801 Cahaba Forest Cove, Birmingham, AL 35242.

6.     Please admit or deny that this Defendant obtained permits and received final inspection approval from the City of Birmingham for the installation of the stairway and handrails concrete ramps in front of the subject property during said period of ownership.

RESPONSE:

7.     Please admit or deny that this Defendant is responsible for the maintenance of the stairway and handrails in front of 801 Cahaba Forest Cove, Birmingham, AL 35242 at the time of the incident which made the basis of this lawsuit.

8.     Please admit or deny that this Defendant is responsible for the maintenance of the stairway and handrails in front of 801 Cahaba Forest Cove, Birmingham, AL 35242 at the time of the incident which made the basis of this lawsuit.

9.     Please admit or deny that this Defendant is responsible for the maintenance of the common areas in front of 801 Cahaba Forest Cove, Birmingham, AL 35242  at the time of the incident which made the basis of this lawsuit.

10.    Please admit or deny that the stairway and hand rails in front of the subject property were not in compliance with the local building codes at the time of the incident which made the basis of this lawsuit.

11.    Please admit or deny that the stairway and handrails in front of the subject property were not compliance with international building codes at the time of the incident which made the basis of this lawsuit.

12.    Please admit or deny that the stairway and handrails in front of the subject property were not compliant with international building codes at the time of the incident which made the basis of this lawsuit.

13.    Please admit or deny that this Defendant did not alter the stairway and handrails in front of said property during the period of ownership prior to the incident which made the basis of this lawsuit.

14.    Please admit or deny that this Defendant did not inspect the stairway and handrails to ensure that they were compliant with building codes since the commencement of ownership.


                                    Respectfully submitted,
                                    /s/ Antonio D. Spurling
                                    Antonio D. Spurling, Esq. (SPU006)
                                    Counsel for Plaintiff Rochelle Bailey

**OF COUNSEL**
**SPURLING LAW FIRM, LLC**
406 19th Street, Suite 100
Birmingham, ALABAMA 35218
Telephone: (205) 788-7006
Facsimile:  (205) 725-6052

**PLEASE SERVE THE DEFENDANTS AT THE ADDRESS LISTED BELOW
WITH THE ABOVE LAWSUIT COMPLAINT, DISCOVERY AND THE
ATTACHED SUMMONS:**

Timberland Partners, Inc.
**ATTN: Kelly R. Litrell, Registered Agent**
PO 1827 Old Moulton Road
Decatur, AL 35602

TPAF VII Trails at Cahaba, LLC
**ATTN: C T Corporation System, Registered Agent**
2 North Jackson Street
Suite 605
Montgomery, AL 36104

ELECTRONICALLY FILED
3/25/2022 2:34 PM
01-CV-2022-900886.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**(BIRMINGHAM DIVISION)**

| | |
|---|---|
| **ROCHELLE BAILEY** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **TPAF VII TRAILS AT CAHABA, LLC d/b/a** | ) |
| **THE TRAILS AT CAHABA RIVER,** | ) |
| **TIMBERLAND PARTNERS, INC.** | ) |
| | ) |
| **Defendants.** | ) |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FOR DEFENDANT TPAF VII TRAILS AT CAHABA, LLC AND DEFENDANT TIMBERLAND PARTNERS, INC.

COMES NOW, the Plaintiff, by and through counsel, pursuant to Rule 34 of the Alabama Rules of Civil Procedure, and hereby request the Defendants' TPAF VII TRAILS AT CAHABA d/b/a THE TRAILS AT CAHABA RIVER and TIMBERLAND PARTNERS to produce the following pursuant to the *Alabama Rules of Civil Procedure:*

1. Please produce all documents evidencing claims and defenses made on your behalf by any of your representatives.

2. Please produce any and all statements, affidavits, recordings of the Plaintiff, Defendants and or any witnesses of the slip and fall incident which occurred on May 24, 2020 between the Plaintiff, Defendants' or any insurance company.

3. Please produce true and exact copies of any and all insurance policies that were in force with applicable coverage insuring this Defendant.

4. Please produce true and exact color copies of any photographs depicting the incident scene at the time of the incident which occured on May 24, 2020.

Respectfully submitted,
/s/ Antonio D. Spurling
Antonio D. Spurling, Esq. (SPU006)
Counsel for Plaintiff Rochelle Bailey

**OF COUNSEL**
**SPURLING LAW FIRM, LLC**
406 19th Street, Suite 100
Birmingham, ALABAMA 35218
Telephone: (205) 788-7006
Facsimile:  (205) 725-6052

**PLEASE SERVE THE DEFENDANTS AT THE ADDRESS LISTED BELOW
WITH THE ABOVE LAWSUIT COMPLAINT, DISCOVERY AND THE
ATTACHED SUMMONS:**

Timberland Partners, Inc.
**ATTN: Kelly R. Litrell, Registered Agent**
PO 1827 Old Moulton Road
Decatur, AL 35602

TPAF VII Trails at Cahaba, LLC
**ATTN: C T Corporation System, Registered Agent**
2 North Jackson Street
Suite 605
Montgomery, AL 36104

DOCUMENT 7

ELECTRONICALLY FILED
3/25/2022 2:34 PM
01-CV-2022-900886.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
(BIRMINGHAM DIVISION)**

| | |
|---|---|
| ROCHELLE BAILEY | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| TPAF VII TRAILS AT CAHABA, LLC d/b/a | ) |
| THE TRAILS AT CAHABA RIVER, | ) |
| TIMBERLAND PARTNERS, INC. | ) |
| | ) |
| **Defendants.** | ) |

### PLAINTIFFS' INTERROGATORIES TO DEFENDANT TPAF VII TRAILS AT CAHABA, LLC AND DEFENDANT TIMBERLAND PARTNERS, INC.

COMES NOW, the Plaintiff in the above style case, pursuant to Rule 33 of the Alabama Rules of Civil Procedure and propounds the following Interrogatories to the TPAF THE TRAILS AT CAHABA, LLC d/b/a THE TRAILS AT CAHABA RIVER and TIMBERLAND PARTNERS, INC. to be answered in writing and under oath:

### INSTRUCTIONS

1. In answering these interrogatories, you are required to furnish all information available to you or subject to reasonable inquiry by you, including, but not limited to, information in your possession, the possession of your attorneys, advisors or other persons directly or indirectly employed by you, your attorney, or anyone else otherwise subject to your control.

2. If any requested information/document is withheld because you claim it is privileged or otherwise shielded from discovery in this action, for each such instance state the following:

      (a)      Its title, or, if it has no title, its subject matter, or identifying number;

      (b)      Its date or origin of preparation;

      (c)      Its author;

      (d)      To whom addressed;

      (e)      All copied addressees;

      (f)      All other persons who have received, copied, or otherwise been permitted to see all or part of the original or any copy thereof;

(g)     The description of the subject matter discussed, described, referred to therein;

(h)     The factual and legal basis on which every privilege is claimed;

(i)     The identity of the custodian of the document and/or any copies thereof;

(j)     A brief summary of its substance;

In addition to the instructions pertaining to the Interrogatory, if the Plaintiff chooses to attach documents in lieu of an answer to a specific interrogatory, Defendants request that each document be segregated, organized, identified and specified with respect to the particular numbered request and response to which the documents are being produced.

## DEFINITIONS

1. "You" or "Yours" means the party to whom these requests are made, including, agents, attorneys or any other persons acting or purporting to act on behalf of said party.

2. "Identify" or "Identification" shall mean: (i) when used in reference to a natural person, the person's full name, present or last known address, present or last known position, and title and employer or business affiliation; (ii) when used in reference to a business entity, the entity's name and address, its principal place of business, and the legal nature of the entity (i.e., corporation, partnership, etc.); (iii) when used in reference to a document, the description (i.e., letter, memorandum, report, etc.), its title and date, the number of pages thereof, the subject matter and author, the person or persons to whom it was directed, and its present location and the identity of the person or entity presently having possession, control or custody of such documents.

3. "Specify in all possible detail" means to provide a detailed specification and factual description of the subject matter about which inquiry is made, using the simplest and most factual statements of which you are capable.

4. "Document(s)" means any medium upon which intelligence or information can be recorded or retrieved and includes, without limitation, the original and each copy, regardless of origin and location of any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or a conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing, sketch, graph, index, list, tape, photograph, microfilm, data sheet or data processing card, or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, which is in your possession, custody or control, or which has, but is no longer, in your possession, custody or control.

5. Plural words include the singular equivalent and singular words include the plural equivalent.

6. "And" includes the disjunctive "or" and "or" includes the conjunctive "and."

## DUTY TO SUPPLEMENT

You are under a duty seasonably to supplement, update and amend your responses and answers to the following discovery in the following categories:

(a)    Any request or question directly addressed to:

(1)    the identity and location of persons having knowledge of discoverable matters, and

(2)    the identity of each person expected to be called as an expert witness at the trial, the subject matter on which each person is expected to testify, and the substance of their testimony.

(b)    Any response or answer to questions or requests, if you obtain information upon the basis of which:

(1)    you know that the prior response was incorrect when made, or

(2)    you know that the response when made is no longer true and the circumstances are such that a failure to amend the response is in substance of knowing concealment.

## INTERROGATORIES

1.    State the name, address, title and duty of the person or persons who answered or assisted in answering these interrogatories and the place where these interrogatories were answered.

2.    Is this Defendant's name correctly stated in the complaint on file in this case?  If not, state the correct way this Defendant should be designated as a party defendant in an action of law:

a.    At the time of the occurrence made the basis of this suit;

b.    At the time these interrogatories were answered.

3.    What is your principal place of business or occupation?

a.    Please state whether or not this business is an incorporation or LLC.

b.    Please list the name, address, and telephone number of the registered agent.

4.    How long have you been engaged in this business?

5.      Do you have any relatives, subsidiary or affiliate?  If so please state the following:

      a.      Name and address of each subsidiary or affiliate.

6.      Please state whether the Plaintiff was given any physical examination or medical treatment in connection with her injury on the date of the subject incident.  If so,   as to each examination:

      a.      The date;

      b.      The name and address of the examining physician;

      c.      Description of any written report, record or memoranda prepared in connection with the incident;

      d.      The name, address and job classification of the person having custody of the document described in your answer to interrogatory 6(c) above.

7.      With the regard to the incident complained of in the complaint, please state in detail:

      a.      What occurred based on your knowledge of this incident;

      b.      The exact location where the incident occurred;

      c.      The time said incident occurred;

      d.      What the plaintiff was doing at the time of said incident;

      e.      Whether Plaintiff was attempting to a). enter the premises; b). walk upon the front concrete ramps; and/or c). traverse upon the sidewalk in the front of the subject property wherein the incident occurred which made the basis of this lawsuit.;

8.      Please state whether this Defendant contends that the Plaintiff was an invitee, licensee or trespasser at this of this of the subject incident.  If so, please state in    detail your reasoning, basis and or rationale for the status of the Plaintiff at the    time of the incident.  If not, please state in detail the reasons for your denial.

9.      Please state whether the Plaintiff's injury as described in the complaint arose out of her presence upon the premises owned by this Defendant at the time of the incident which made the basis of this lawsuit.

10.     If your answer to the above interrogatory was negative, please state in detail the reason for denial.

11.     Please state when the Plaintiff's injuries first came to the attention of this Defendant or any representative of the Defendant, by whom it was reported, when and to whom was it reported.

12.     Please state in detail the information you or any of your representatives have or are aware of, relating to the incident made the basis of this suit, as to how the incident occurred and the facts leading up to the incident, setting forth all such information, whether or not it is conflicting.

13.     Have you or anyone acting on this Defendant's behalf obtained from any person or persons any oral or written reports, memoranda, or testimony concerning the incident made the basis of this suit?  If so, please state:

    a.      The name and last known address and present whereabouts, if known, such of person;

    b.      When, where and by whom such reports, statements, memoranda, or testimony was made;

    c.      Identification of any such statement, the nature thereof, and where each statement is located.

14.     Please state whether the Plaintiff was interviewed in connection with the alleged incident.  If so, please state:

    a.      The place or places where such interview occurred;

    b.      The names, residential addresses, and job classifications of the persons interviewing him and the names and addresses of their respective employers, if not in your employ.

    c.      Whether there where any recordings or memoranda made, and in that event, the date of such recordings or memoranda;

    d.      Whether a signed statement was obtained, and, if so, identification of such statement and nature thereof;

    e.      The name, address and job classification of the person having custody of the recording, memoranda, or statements,

15.     Identify and state the names, addresses and job classifications of all persons who, to your knowledge, were eyewitnesses to the alleged accident.

16.     Is this Defendant or its agents in possession of any photographs and or video of the area involved in this case?  If so, please state the following:

      a.      The date when such photographs and or video were taken;

      b.      The name and address of the party taking them;

      c.      The objects or subjects of the particular site or view that such photographs and or video represent.

17.     State the name and address of any and all of your proposed experts, including medical experts, and the field in which you claim they are experts.

18.     Describe in detail the qualifications, including the educational background and experience of each such expert witness.

19.     State the subject matter on which each such expert witness is expected to testify.

20.     Summarize the substance of the facts and opinions to which any such expert witness is expected to testify, including in your answer a summary of the grounds of the opinion of each such expert.

21.     List the names and addresses of each and every person, firm or corporation whom you have used to collect information for the trial of this case and who have opinions on the merits of this case and a precise summary of the opinions given by these persons, firms or corporations.

22.     If applicable, please completely disclose the name, address, policy number and telephone number of the defendant's premises liability carrier.

23.     Have you been advised that your answers to these interrogatories are being made under oath and that they may be used as evidence in the trial of this matter?

                      Respectfully submitted,

                      /s/ Antonio D. Spurling
                      Antonio D. Spurling, Esq. (SPU006)
                      Counsel for Plaintiff Rochelle Bailey

**OF COUNSEL**
**SPURLING LAW FIRM, LLC**
406 19th Street, Suite 100
Birmingham, ALABAMA 35218
Telephone: (205) 788-7006
Facsimile:  (205) 725-6052

**PLEASE SERVE THE DEFENDANTS AT THE ADDRESS LISTED BELOW WITH THE ABOVE LAWSUIT COMPLAINT, DISCOVERY AND THE ATTACHED SUMMONS:**

Timberland Partners, Inc.
**ATTN: Kelly R. Litrell, Registered Agent**
PO 1827 Old Moulton Road
Decatur, AL 35602

TPAF VII Trails at Cahaba, LLC
**ATTN: C T Corporation System, Registered Agent**
2 North Jackson Street
Suite 605
Montgomery, AL 36104

DOCUMENT 8

ELECTRONICALLY FILED
3/25/2022 2:34 PM
01-CV-2022-900886.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
(BIRMINGHAM DIVISION)**

| | |
|---|---|
| **ROCHELLE BAILEY** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **TPAF VII TRAILS AT CAHABA, LLC d/b/a** | ) |
| **THE TRAILS AT CAHABA RIVER,** | ) |
| **TIMBERLAND PARTNERS, INC.** | ) |
| | ) |
| **Defendants.** | ) |

## NOTICE OF TAKING VIDEO DEPOSITION OF TIMBERLAND PARTNERS, INC., 30(B)(6) CORPORATE REPRESENTATIVE

TO:    Timberland Partners, Inc.
        **ATTN: Kelly R. Litrell, Registered Agent**
        PO 1827 Old Moulton Road
        Decatur, AL 35602

### TIMBERLAND PARTNERS, INCORPORATED 30(B)(6) CORP. REP.

Before a court reporter. Pursuant to Rule 30 (b) (4), of the Alabama Rules of Civil Procedure the plaintiffs will also record the testimony by videotape. Plaintiffs believe videotaping is necessary to adequately preserve the testimony of the witness in the event that the witness is unavailable for trial or if necessary for adequate impeachment of the witness.

The following rules shall apply to the taking of the videotape deposition. Unless physically incapacitated, the witness shall be seated at a table or a witness box, except when reviewing or presenting demonstrative material for which a change in position is needed. To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background, with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and the field of view will be changed only

as necessary to record accurately the natural body movements of the witness or to portray

exhibits and materials used during the deposition. Unless circumstances require

otherwise, the camera angle should be level with the witness's head. Sound level will not

be altered unless necessary to record satisfactorily the voices of counsel and witness.

Eating or smoking or other use of tobacco products by witnesses or counsel during the

deposition will not be permitted. Each witness, attorney and any other person attending

the deposition will be identified on camera at the beginning of the deposition. Thereafter,

only the deponent and demonstrative material used in the deposition will be shown on the

videotape, unless any participant desires that an additional camera be focused on the

attorney asking questions in which case that should be done. The participant desiring an

additional camera has the responsibility to arrange for the availability of the second

camera and shall bear the cost of providing the additional camera.

Said deposition shall be commenced **at 9:00AM on** the **20th** day of **May  2022,** virtually via ZOOM and shall continue or be resumed from time to time thereafter until the same has been completed.

Respectfully submitted,
/s/ Antonio D. Spurling
Antonio D. Spurling, Esq. (SPU006)
Counsel for Plaintiff Rochelle Bailey

**OF COUNSEL**
**SPURLING LAW FIRM, LLC**
406 19th Street, Suite 100
Birmingham, ALABAMA 35218
Telephone: (205) 788-7006
Facsimile:  (205) 725-6052

**PLEASE SERVE THE DEFENDANTS AT THE ADDRESS LISTED BELOW
WITH THE ABOVE LAWSUIT COMPLAINT, DISCOVERY AND THE
ATTACHED SUMMONS:**

Timberland Partners, Inc.
**ATTN: Kelly R. Litrell, Registered Agent**
PO 1827 Old Moulton Road
Decatur, AL 35602

TPAF VII Trails at Cahaba, LLC
**ATTN: C T Corporation System, Registered Agent**
2 North Jackson Street
Suite 605
Montgomery, AL 36104

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## (BIRMINGHAM DIVISION)

| | |
|---|---|
| **ROCHELLE BAILEY** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **TPAF VII TRAILS AT CAHABA, LLC d/b/a** | ) |
| **THE TRAILS AT CAHABA RIVER,** | ) |
| **TIMBERLAND PARTNERS, INC.** | ) |
| | ) |
| **Defendants.** | ) |

## NOTICE OF TAKING VIDEO DEPOSITION OF TPAF VII TRAILS AT CAHABA, LLC 30(B)(6) CORPORATE REPRESENTATIVE

TO:  TPAF VII Trails at Cahaba, LLC
**ATTN: C T Corporation System, Registered Agent**
2 North Jackson Street
Suite 605
Montgomery, AL 36104

## TPAF VII TRAILS AT CAHABA, LLC 30(B)(6) CORP. REP.

Before a court reporter. Pursuant to Rule 30 (b) (4), of the Alabama Rules of Civil Procedure the plaintiffs will also record the testimony by videotape. Plaintiffs believe videotaping is necessary to adequately preserve the testimony of the witness in the event that the witness is unavailable for trial or if necessary for adequate impeachment of the witness.

The following rules shall apply to the taking of the videotape deposition. Unless physically incapacitated, the witness shall be seated at a table or a witness box, except when reviewing or presenting demonstrative material for which a change in position is needed. To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background, with only such lighting as is required for accurate video

recording. Lighting, camera angle, lens setting, and the field of view will be changed only as necessary to record accurately the natural body movements of the witness or to portray exhibits and materials used during the deposition. Unless circumstances require otherwise, the camera angle should be level with the witness's head. Sound level will not be altered unless necessary to record satisfactorily the voices of counsel and witness. Eating or smoking or other use of tobacco products by witnesses or counsel during the deposition will not be permitted. Each witness, attorney and any other person attending the deposition will be identified on camera at the beginning of the deposition. Thereafter, only the deponent and demonstrative material used in the deposition will be shown on the videotape, unless any participant desires that an additional camera be focused on the attorney asking questions in which case that should be done. The participant desiring an additional camera has the responsibility to arrange for the availability of the second camera and shall bear the cost of providing the additional camera.

Said deposition shall be commenced **immediately following the deposition of TIMBERLAND PARTNERS, INC. 30(b)(6) corporate representative on** the **20th** day of **May  2022,** virtually via ZOOM and shall continue or be resumed from time to time thereafter until the same has been completed.

<div style="margin-left:40%">
Respectfully submitted,
/s/ Antonio D. Spurling
Antonio D. Spurling, Esq. (SPU006)
Counsel for Plaintiff Rochelle Bailey
</div>

**OF COUNSEL**
**SPURLING LAW FIRM, LLC**
406 19th Street, Suite 100
Birmingham, ALABAMA 35218
Telephone: (205) 788-7006
Facsimile:  (205) 725-6052

**PLEASE SERVE THE DEFENDANTS AT THE ADDRESS LISTED BELOW
WITH THE ABOVE LAWSUIT COMPLAINT, DISCOVERY AND THE
ATTACHED SUMMONS:**

Timberland Partners, Inc.
**ATTN: Kelly R. Litrell, Registered Agent**
PO 1827 Old Moulton Road
Decatur, AL 35602

TPAF VII Trails at Cahaba, LLC
**ATTN: C T Corporation System, Registered Agent**
2 North Jackson Street
Suite 605
Montgomery, AL 36104



AlaFile E-Notice

01-CV-2022-900886.00

To:  ANTONIO DELFONJIA SPURLING
     aspurlingesq@bellsouth.net

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROCHELLE BAILEY V. TIMBERLAND PARTNERS, INC. ET AL
01-CV-2022-900886.00

The following complaint was FILED on 3/25/2022 2:33:28 PM

Notice Date:     3/25/2022 2:33:28 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2022-900886.00

To:  TIMBERLAND PARTNERS, INC.
KELLY LITRELL, REG. AGEN
PO 1827 OLD MOULTON ROAD
DECATUR, AL, 35602

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROCHELLE BAILEY V. TIMBERLAND PARTNERS, INC. ET AL
01-CV-2022-900886.00

The following complaint was FILED on 3/25/2022 2:33:28 PM

Notice Date:      3/25/2022 2:33:28 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2022-900886.00

To:  TPAF VII TRAILS AT CAHABA, LLC
C.T. CORPORATION SYSTEM
2 N JACKSON ST STE. 605
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROCHELLE BAILEY V. TIMBERLAND PARTNERS, INC. ET AL
01-CV-2022-900886.00

The following complaint was FILED on 3/25/2022 2:33:28 PM

Notice Date:      3/25/2022 2:33:28 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2022-900886.00 |
| --- | --- | --- |

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**ROCHELLE BAILEY V. TIMBERLAND PARTNERS, INC. ET AL**

**NOTICE TO:** TIMBERLAND PARTNERS, INC., KELLY LITRELL, REG. AGEN PO 1827 OLD MOULTON ROAD, DECATUR, AL 35602

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), ANTONIO DELFONJIA SPURLING

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 406 19th Street, SUITE 100,, BIRMINGHAM, AL 35218

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of ROCHELLE BAILEY pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 03/25/2022 | /s/ JACQUELINE ANDERSON  SMITH | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ ANTONIO DELFONJIA SPURLING

*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in                                                    County,

*(Name of Person Served)*                              *(Name of County)*

Alabama on

*(Date)*

*(Address of Server)*

*(Type of Process Server)*        *(Server's Signature)*

*(Server's Printed Name)*         *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2022-900886.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### ROCHELLE BAILEY V. TIMBERLAND PARTNERS, INC. ET AL

**NOTICE TO:** TPAF VII TRAILS AT CAHABA, LLC, C.T. CORPORATION SYSTEM 2 N JACKSON ST STE. 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), ANTONIO DELFONJIA SPURLING

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 406 19th Street, SUITE 100,, BIRMINGHAM, AL 35218

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of <u>ROCHELLE BAILEY</u> pursuant to the Alabama Rules of the Civil Procedure. *(Name(s))*

| 03/25/2022 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ ANTONIO DELFONJIA SPURLING

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____.

*(Date)*

_____          _____

*(Type of Process Server)*          *(Address of Server)*

_____          _____

*(Server's Signature)*          _____

*(Server's Printed Name)*          *(Phone Number of Server)*



# NOTICE TO CLERK

REQUIREMENTS FOR COMPLETING SERVICE BY
CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
ROCHELLE BAILEY V. TIMBERLAND PARTNERS, INC. ET AL

01-CV-2022-900886.00

To:  CLERK BIRMINGHAM
clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $17.92

Parties to be served by Certified Mail - Return Receipt Requested

TIMBERLAND PARTNERS, INC.                         Postage: $8.96
KELLY LITRELL, REG. AGEN
PO 1827 OLD MOULTON ROAD
DECATUR, AL 35602

TPAF VII TRAILS AT CAHABA, LLC                    Postage: $8.96
C.T. CORPORATION SYSTEM
2 N JACKSON ST STE. 605
MONTGOMERY, AL 36104

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TIMBERLAND PARTNERS, INC.
KELLY LITRELL, REG. AGEN
PO 1827 OLD MOULTON ROAD
DECATUR, AL 35602

9590 9402 7107 1251 0755 25

2. Article Number (Transfer from service label)

7021 1970 0001 4428 9001

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

   S/C

   CV-22-900 856

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

7021 1970 0001 4428 9001

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery $

Postage

Total Postage and Fees

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TPAF VII TRAILS AT CAHABA, LLC
C.T. CORPORATION SYSTEM
2 N JACKSON ST STE. 605
MONTGOMERY, AL 36104

9590 9402 7107 1251 0755 32

7021 1970 0001 4428 9018

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

S/C D2

CV-22-900886

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TIMBERLAND PARTNERS, INC.

KELLY LITRELL, REG. AGEN

PO 1827 OLD MOULTON ROAD

DECATUR, AL 35602



9590 9402 7107 1251 0755 25

2. Article Number (Transfer from service label)

7021 1970 0001 4428 9001

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _(signature)_   ☐ Agent
                  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

Amanda Littrell

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

S/L

CV-22-900886

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053                Domestic Return Receipt



**USPS TRACKING #**

BIRMINGHAM 350

31 MAR 2022 PM 2 L

9590 9402 7107 1251 0755 25

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States**
**Postal Service**

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

APR 04 2022

JACQUELINE ANDERSON SMITH
CLERK

* Sender: Please print your name, address, and ZIP+4® in this box*

JACQUELINE ANDERSON SMITH, CLERK

ROOM 400 JEFF CO COURTHOUSE

716 RICHARD ARRINGTON JR BLVD., NO.

BIRMINGHAM, ALABAMA 35203

010100



AlaFile E-Notice

01-CV-2022-900886.00

Judge: BRENDETTE BROWN GREEN

To: SPURLING ANTONIO DELFONJI
aspurlingesq@bellsouth.net

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROCHELLE BAILEY V. TIMBERLAND PARTNERS, INC. ET AL
01-CV-2022-900886.00

The following matter was served on 4/4/2022

**D001 TIMBERLAND PARTNERS, INC.**

**Corresponding To**

CERTIFIED MAIL

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TPAF VII TRAILS AT CAHABA, LLC

C.T. CORPORATION SYSTEM

2 N JACKSON ST STE. 605

MONTGOMERY, AL 36104

9590 9402 7107 1251 0755 32

7021 1970 0001 4428 9018

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X Jennifer Lockwood ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
MAR 3 1 2022

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

S/C  D2

CV - 22 - 900886

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053                    Domestic Return Receipt

**USPS TRACKING #**

9590 9402 7107 1251 0755 32

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

APR 04 2022

JACQUELINE ANDERSON SMITH
CLERK

• Sender: Please print your name, address, and ZIP+4® in this box•

JACQUELINE ANDERSON SMITH, CLERK

ROOM 400 JEFF CO COURTHOUSE

716 RICHARD ARRINGTON JR BLVD., NO.

BIRMINGHAM, ALABAMA 35203

9-010100



AlaFile E-Notice

01-CV-2022-900886.00

Judge: BRENDETTE BROWN GREEN

To: SPURLING ANTONIO DELFONJI
aspurlingesq@bellsouth.net

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROCHELLE BAILEY V. TIMBERLAND PARTNERS, INC. ET AL
01-CV-2022-900886.00

The following matter was served on 3/31/2022

**D002 TPAF VII TRAILS AT CAHABA, LLC**

**Corresponding To**

CERTIFIED MAIL

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2022-900886.00

To:  ANGEL D. Croes
     acroes@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROCHELLE BAILEY V. TIMBERLAND PARTNERS, INC. ET AL
01-CV-2022-900886.00

The following answer was FILED on 5/2/2022 10:09:26 AM

Notice Date:     5/2/2022 10:09:26 AM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



ELECTRONICALLY FILED
5/2/2022 10:09 AM
01-CV-2022-900886.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY
## (BIRMINGHAM DIVISION)

| | |
|---|---|
| **ROCHELLE BAILEY** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NUMBER: 2022-900886** |
| | ) |
| **TPAF VII TRAILS AT CAHABA,** | ) **JURY TRIAL DEMANDED** |
| **LLC d/b/a THE TRAILS AT CAHABA** | ) |
| **RIVER, TIMBERLAND PARTNERS,** | ) |
| **INC., et al.** | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANT TIMBERLAND PARTNERS MANAGEMENT, INC.'S ANSWER

COMES NOW Defendant Timberland Partners Management, Inc. (hereinafter "Timberland Partners" or "Defendant")[1], and answers Plaintiff's Complaint as follows:

### STATEMENT OF THE PARTIES

1.      Upon information and belief, admitted.

2.      There are no material allegations made against Timberland Partners in this paragraph; therefore, no response is required. To the extent any material allegations in this paragraph may be construed against Timberland Partners, said allegations are denied, and Timberland Partners demands strict proof thereof.

---

[1] Incorrectly identified in Plaintiff's Complaint as "Timberland Partners, Inc" (in the Case Style) and "Timberland Properties, Inc." (in the Statement of Parties).

3.      Timberland Partners admits that it is a foreign corporation incorporated under the laws of the State of Minnesota with its principal place of business in Minneapolis, Minnesota. Timberland Partners denies the remaining material allegations in this paragraph and demands strict proof thereof.

4.      Timberland Partners realleges its responses to the preceding paragraphs as if fully set forth herein. Timberland Partners denies any remaining material allegations asserted against it in this paragraph and demands strict proof thereof.

## STATEMENT OF THE FACTS

5.      Timberland Partners realleges its responses to the preceding paragraphs as if fully set forth herein.

6.      Timberland Partners admits that, upon information and belief, on or about May 24, 2020 Plaintiff was a resident at 801 Cahaba Forest Cove, Birmingham, AL 35242.  Timberland Partners denies the remaining material allegations of this paragraph and demands strict proof thereof.

7.      Timberland Partners denies the material allegations in this paragraph and demands strict proof thereof.

8.      Timberland Partners denies the material allegations in this paragraph and demands strict proof thereof.  Timberland Partners refers any and all questions of law to this Honorable Court.

9.      Timberland Partners denies the material allegations in this paragraph and demands strict proof thereof.

Timberland Partners denies Plaintiff is entitled to any relief sought in the wherefore paragraph of this Count.

## COUNT ONE
**(Negligence)**

10.     Timberland Partners realleges its responses to the preceding paragraphs as if fully set forth herein.

11.     Timberland Partners denies the material allegations in this paragraph and demands strict proof thereof.  Timberland Partners refers any and all questions of law to this Honorable Court.

12.     Timberland Partners denies the material allegations asserted against it in this paragraph and demands strict proof thereof.  Timberland Partners refers any and all questions of law to this Honorable Court.

13.     Timberland Partners denies the material allegations in this paragraph and demands strict proof thereof.  Timberland Partners refers any and all questions of law to this Honorable Court.

14.     Timberland Partners denies the material allegations in this paragraph and subparagraphs and demands strict proof thereof.

Timberland Partners denies Plaintiff is entitled to any relief sought in the wherefore paragraph of this Count.

## COUNT TWO
**(Negligent Hiring, Training, Maintaining, Supervision of Premises)**

15.     Timberland Partners realleges its responses to the preceding paragraphs as if fully set forth herein.

16.     Timberland Partners denies the material allegations asserted against it in this paragraph and demands strict proof thereof.  Timberland Partners refers any and all questions of law to this Honorable Court.

14. (sic) Timberland Partners denies the material allegations asserted against it in this paragraph and demands strict proof thereof.  Timberland Partners refers any and all questions of law to this Honorable Court.

15. (sic) Timberland Partners denies the material allegations asserted against it in this paragraph and demands strict proof thereof.

Defendant denies Plaintiff is entitled to any relief sought in the wherefore paragraph of this Count.

**FIRST DEFENSE**

Defendant pleads that Plaintiff has failed to make a claim upon which relief can be granted.

**SECOND DEFENSE**

Defendant pleads that venue is improper and/or inconvenient.

**THIRD DEFENSE**

Defendant pleads that service was improperly perfected.

**FOURTH DEFENSE**

Defendant pleads that this court lacks subject matter jurisdiction.

**FIFTH DEFENSE**

Defendant pleads that this court lacks personal jurisdiction.

**SIXTH DEFENSE**

Defendant pleads insufficient process.

## SEVENTH DEFENSE

Defendant pleads the failure to join a party pursuant to Rule 19.

## EIGHTH DEFENSE

Defendant denies the material allegations of Plaintiff's Complaint and demands strict proof

thereof.

## NINTH DEFENSE

Defendant denies the allegations of negligence.

## TENTH DEFENSE

Defendant pleads contributory negligence.

## ELEVENTH DEFENSE

Defendant contests the damages and demands strict proof thereof.

## TWELFTH DEFENSE

Defendant pleads assumption of the risk.

## THIRTEENTH DEFENSE

Defendant denies the allegations of wantonness.

## FOURTEENTH DEFENSE

Defendant avers that Plaintiff's damages were the proximate result of acts and/or omissions

of third parties which were neither employed by nor acting on behalf of Defendant.

## FIFTEENTH DEFENSE

Defendant pleads the superseding and intervening acts of third parties were the proximate

cause of Plaintiff's claimed damages.

## SIXTEENTH DEFENSE

Plaintiff's Complaint fails to allege a claim for which punitive damages can be recovered.

## SEVENTEENTH DEFENSE

The claims of Plaintiff for punitive damages cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount that a jury may impose, would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

## EIGHTEENTH DEFENSE

The claims of Plaintiff for punitive damages cannot be sustained because an award of punitive damages under Alabama law by a jury that (1) is not provided a standard sufficient for determining the appropriateness, or the appropriate size, of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary as to damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate these defendants' substantive and procedural due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection and guarantee against double jeopardy.

## NINETEENTH DEFENSE

The claims of Plaintiff for punitive damages cannot be sustained because an award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt

would violate these defendants' substantive and procedural due process rights under the Fourteenth Amendment of the United States Constitution and under the due process provisions of the Alabama Constitution.

### TWENTIEH DEFENSE

Any award of punitive damages based on anything other than Defendant's conduct in connection with the matters that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and guarantee against double jeopardy, because any other judgment for punitive damages in this case cannot protect Defendant against impermissible multiple punishment for the same wrong.

### TWENTY-FIRST DEFENSE

Any award of punitive damages in this case would violate Defendant's rights under the substantive and procedural due process clauses of the United States Constitution and of the Constitution of the State of Alabama; the excessive fines clauses of the Eight Amendment of the United States Constitution; the contract clause of Article Two of the United States Constitution; the equal protection clauses of the United States Constitution and the Constitution of the State of Alabama.

### TWENTY-SECOND DEFENSE

The Alabama punitive damages system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. While the Supreme Court of the United States perceived the system as constitutional in *Pacific Mutual Life Insurance Co., v. Haslip*, 499 U.S. 1 (1991), events subsequent to *Haslip* have shown that the system in wholly arbitrary, fundamentally unfair and utterly irrational in violation of due process. See *Armstrong v.*

*Roger's Outdoor Sports, Inc.,* 581 So. 2d 414, 423 (Ala. 1991) (Maddox J., dissenting); *Henderson v. Alabama Power Co.,* 627 So. 2d 878, 894-95 (Ala. 1993) (Maddox, J., dissenting); Id. at 914 (Houston, J., dissenting). The Alabama system affords juries standard less discretion to impose unlimited punishment, and review of such awards is constitutionally deficient. See *Honda Motor Co., Ltd. v. Oberg,* 114 S.Ct. 2331 (1994). Alabama post-verdict review is neither meaningful, consistent nor constitutionally adequate to cure this crucial constitutional defect.

## TWENTY-THIRD DEFENSE

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment because there are absolutely no meaningful standards of limits for determining the amount of the award, contravening the deeply rooted American tradition that punishment may not be imposed in the absence of a pre-existing, express legislatively established range of penalties.

## TWENTY-FOURTH DEFENSE

The imposition of a punitive damage award in this case in the absence of explicit, particularized guidelines or standards is highly unfair and unconstitutionally infirm because an award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary and irrational. A punitive damage award in the absence of such guidelines or standards will bear no rational or reasonable relationship to these defendant's alleged conduct in this matter or to any alleged harm to Plaintiff and will dwarf legislatively established fines for comparable conduct. A punitive damage award in the absence of such guidelines or standards therefore will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the excessive fines clause of the Alabama Constitution, Ala. Const. Art. I § 15.

### TWENTY-FIFTH DEFENSE

Without the protections previously provided §§6-11-23(a) and 6-11-24, *Code of Alabama* regarding punitive damages awards, now declared unconstitutional by the Alabama Supreme Court, the State of Alabama no longer affords to a defendant sufficient protection under the United States Constitution from excessive and arbitrary punitive damage awards.

### TWENTY-SIXTH DEFENSE

A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to Defendants by the Fifth and Fourteenth Amendments to the United States Constitution, and Article One, Sections 1, 6 and 22 of the Constitution of the State of Alabama of 1901. In particular, a mental anguish damage award will violate these constitutional provisions because Alabama juries are given no rule, standard or guidelines upon which to rely in calculating mental anguish damage awards.

### TWENTY-SEVENTH DEFENSE

The award of punitive damages claimed by Plaintiff violates Article I, Section 10[1] and/or the Fourth, Fifth, Sixth, Eighth and/or Fourteenth Amendments to the Constitution of the United States and Article I, Section 6, and other provisions of the Constitution of Alabama on the following separate and several grounds:

(a)     That civil procedures pursuant to which punitive damages are awarded may result wrongfully in a punishment by a punitive damages award after the fact.

(b)     That civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(c)     That civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(d)     That civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against Defendant.

(e)     That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages.

(f)     That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

(g)     That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of the standard of proof less than that applicable to the imposition of criminal sanctions.

(h)     That civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act.

(I)     That civil procedures pursuant to which punitive damages are awarded fail to provide a clear consistent appellate standard of review of an award of punitive damages. (j) That civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to the punitive damages in the same proceeding during which liability and compensatory damages are determined.

(k)     That standards of conduct upon which punitive damages are awarded are vague.

(l)     That civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines.

(m)     That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened in relation to the standard of proof for ordinary civil cases.

(n)     That civil procedures pursuant to which punitive damages are awarded permit the imposition of arbitrary, capricious or oppressive penalties.

(o)     That civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury and the award of punitive damages.

### TWENTY-EIGHTH DEFENSE

Defendant avers that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth at Alabama Code §6-11-21 (Repl. Vol 1993).

### TWENTY-NINTH DEFENSE

To the extent that Plaintiff's demand for punitive damages may result in multiple punitive damage awards to be assessed for the same act or omission against Defendant, this award contravenes Defendant's right to Due Process under the Fourteenth Amendment of the United States Constitution and the Due Process Clause of Article I, Section 13 of the Alabama Constitution. In addition, such an award would infringe upon Defendant's right against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article I, Section 9 of the Alabama Constitution.

### THIRTIETH DEFENSE

With respect to Plaintiff's demand for punitive damages, Defendant specifically incorporate by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards as articulated in the decision of *BMW N. Am., Inc. v. Gore*, 646 So.2d 619 (Ala. 1994), *rev'd*, 517 U.S. 559 (1996), *reh'g denied*, 701 So.2d 507 (Ala. 1997).

### THIRTY-FIRST DEFENSE

Defendant contends that Plaintiff is not entitled to an award of punitive damages, and that an award of punitive damages against Defendant, on the facts of this case, would be contrary to the Constitution of the State of Alabama and the Constitution of the United States. Further, any

award of punitive damages to Plaintiff are limited to the standards set out in *BMW N. Am., Inc. v. Gore*, 646 So.2d 619 (Ala. 1994), *rev'd*, 517 U.S. 559 (1996), *reh'g denied*, 701 So.2d 507 (Ala. 1997).

## THIRTY-SECOND DEFENSE

The Alabama system and structure for punitive damage awards, together with the claims for punitive damages sought by Plaintiff in this lawsuit, constitute a violation of the due process clause of the Constitution of the United States, under the authority of *BMW N. Am., Inc. v. Gore*, 646 So.2d 619 (Ala. 1994), *rev'd*, 517 U.S. 559 (1996), *reh'g denied*, 701 So.2d 507 (Ala. 1997).The allegations made by Plaintiff in this action, and Plaintiff's claims for punitive damages generally, and under the Alabama system specifically, constitute inadequate notice to Defendant, to deprive Defendant of due process of law.

## THIRTY-THIRD DEFENSE

Defendant pleads the open and obvious doctrine.

## THIRTY-FOURTH DEFENSE

Defendant pleads that Plaintiff failed to mitigate the alleged damages.

## THIRTY-FIFTH DEFENSE

Defendant avers that it is not guilty of the matters and things alleged in Plaintiff's Complaint and demands strict proof thereof.

## THIRTY-SIXTH DEFENSE

Defendant denies the condition complained of in Plaintiff's Complaint was a dangerous instrumentality.

## THIRTY-SEVENTH DEFENSE

Defendant denies that it breached any alleged duty to Plaintiff.

## THIRTY-EIGHTH DEFENSE

Defendant pleads the affirmative defense of judicial estoppel.

### THIRTY-NINTH DEFENSE

Defendant pleads the affirmative defense of collateral estoppel.

### FORTIETH DEFENSE

Defendant pleads the affirmative defense of equitable estoppel.

### FORTY-FIRST DEFENSE

Defendant pleads *res judicata*.

### FORTY-SECOND DEFENSE

Defendant avers that the 1993 decision of *Henderson v. Alabama Power Company*, 626 So.2d 878, declaring Section 6-11-21, Code of Alabama, 1975 unconstitutional is not the law of the State of Alabama and the cap on punitive damages in the amount of $250,000 contained in that statute is the law of the State of Alabama.

### FORTY-THIRD DEFENSE

Defendant pleads release, satisfaction, and accord.

### FORTY-FOURTH DEFENSE

Defendant denies that it is guilty of any wanton conduct.

### FORTY-FIFTH DEFENSE

Defendant pleads unclean hands.

### FORTY-SIXTH DEFENSE

Plaintiff's claims are barred by lack of proximate cause.

### FORTY-SEVENTH DEFENSE

Defendant pleads the Act of God doctrine.

### FORTY-EIGHTH DEFENSE

Defendant would show that any injury or damage to Plaintiff was caused by intervening and superseding negligence, carelessness, recklessness, or willfulness of other persons or entities over which Defendant had no control.

### FORTY-NINTH DEFENSE

Defendant reserves the right to amend and/or supplement this Answer should discovery reveal new or other available defenses.

### FIFTIETH DEFENSE

Defendant pleads that the protections of Ala. Code §§ 6-11-23(a) and 6-11-24 apply to this action.

### FIFTY-FIRST DEFENSE

Defendant pleads that the protections of Ala. Code §§ 6-11-20 and 6-11-21 may apply to this action.

### FIFTY-SECOND DEFENSE

Defendant pleads that Plaintiff lacks standing and/or capacity and/or is not the proper party to prosecute this action.

### FIFTY-THIRD DEFENSE

Defendant claims as a set-off any monies received by or paid on behalf of Plaintiff for the acts or injuries alleged in Plaintiff's Complaint, including insurance proceeds or settlements of any kind.

## FIFTY-FOURTH DEFENSE

Any verdict based on Plaintiff's claims for compensatory damages for pain and suffering, mental anguish or emotional distress would violate Defendant's guarantee of due process and equal protection under the laws as established by the United States Constitution and the Alabama Constitution as the standards for assessing the propriety of an amount of such damages violate constitutional prohibitions against vague and over broad laws.

## FIFTY-FIFTH DEFENSE

Plaintiff cannot recover for pain and suffering, mental anguish or emotional distress, if any, in that there is no fixed, objective and consistent standard under Alabama law for ascertaining the amount of such damages, such that any award of such damages against Defendant would violate the Fifth and Fourteenth Amendment to the United States Constitution and Article I, Section 6 and Article I, Section 15 of the Alabama Constitution, which prohibit deprivation of life, liberty or property except by due process of law.

## FIFTY-SIXTH DEFENSE

A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to Defendant by the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 1, 6 and 22 of the Constitution of the State of Alabama of 1901. In particular, a mental anguish damage award will violate these constitutional provisions because Alabama juries are given no rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

## FIFTY-SEVENTH DEFENSE

Defendant denies the existence of any defective condition on the subject premises, and states that it did not have actual or constructive notice any such claimed defect.

## PRAYERS FOR RELIEF

Defendant denies Plaintiff is entitled to any relief sought in the prayers for relief set forth in the last paragraph of each Count of Plaintiff's Complaint.

## DEFENDANT DEMANDS TRIAL BY STRUCK JURY

/s/ Angel A. Croes
ANGEL A. CROES (DAR017)
HANNAH H. STOKES (STO099)
Attorneys for Defendants, Timberland Partners Management, Inc. and TPAF VII Trails at Cahaba, LLC

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057
Email:  acroes@carrallison.com
          hstokes@carrallison.com

DOCUMENT 16

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on the 2nd day of May, 2022, I have served a copy of the above and foregoing on all parties by using the Alafile or CM/ECF system which will send notifications of such to the following counsel for Defendants:

Antonio D. Spurling (SPU006)
SPURLING LAW FIRM, LLC
406 19th Street, Suite 100
Birmingham, Alabama 35218
Telephone: (205) 788-7006
Facsimile: (205) 725-6052
E-mail:  aspurling.esq@gmail.com

**ATTORNEY FOR PLAINTIFF**

        /s/ Angel A. Croes
        OF COUNSEL



AlaFile E-Notice

01-CV-2022-900886.00

To:  ANGEL D. Croes
     acroes@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROCHELLE BAILEY V. TIMBERLAND PARTNERS, INC. ET AL
01-CV-2022-900886.00

The following answer was FILED on 5/2/2022 10:09:26 AM

Notice Date:     5/2/2022 10:09:26 AM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2022-900886.00

To:  TIMBERLAND PARTNERS, INC. (PRO SE)
     KELLY LITRELL, REG. AGEN
     PO 1827 OLD MOULTON ROAD
     DECATUR, AL, 35602-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROCHELLE BAILEY V. TIMBERLAND PARTNERS, INC. ET AL
01-CV-2022-900886.00

The following answer was FILED on 5/2/2022 10:09:26 AM

Notice Date:     5/2/2022 10:09:26 AM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2022-900886.00

To: TPAF VII TRAILS AT CAHABA, LLC (PRO SE)
C.T. CORPORATION SYSTEM
2 N JACKSON ST STE. 605
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROCHELLE BAILEY V. TIMBERLAND PARTNERS, INC. ET AL
01-CV-2022-900886.00

The following answer was FILED on 5/2/2022 10:09:26 AM

Notice Date:     5/2/2022 10:09:26 AM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2022-900886.00

To:  SPURLING ANTONIO DELFONJI
     aspurlingesq@bellsouth.net

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROCHELLE BAILEY V. TIMBERLAND PARTNERS, INC. ET AL
01-CV-2022-900886.00

The following answer was FILED on 5/2/2022 10:09:26 AM

Notice Date:     5/2/2022 10:09:26 AM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2022-900886.00

To:  ANGEL D. Croes
     acroes@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROCHELLE BAILEY V. TIMBERLAND PARTNERS, INC. ET AL
01-CV-2022-900886.00

The following answer was FILED on 5/2/2022 10:13:40 AM

Notice Date:     5/2/2022 10:13:40 AM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



ELECTRONICALLY FILED
5/2/2022 10:14 AM
01-CV-2022-900886.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY
## (BIRMINGHAM DIVISION)

| | | |
|---|---|---|
| **ROCHELLE BAILEY** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NUMBER: 2022-900886** |
| | ) | |
| **TPAF VII TRAILS AT CAHABA,** | ) | **JURY TRIAL DEMANDED** |
| **LLC d/b/a THE TRAILS AT CAHABA** | ) | |
| **RIVER, TIMBERLAND PARTNERS,** | ) | |
| **INC., et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT TPAF VII TRAILS AT CAHABA, LLC
## d/b/a TRAILS AT CAHABA RIVER'S ANSWER

COMES NOW Defendant TPAF VII Trails at Cahaba, LLC d/b/a Trails at Cahaba River (hereinafter "Trails at Cahaba" or "Defendant")[1], and answers Plaintiff's Complaint as follows:

### STATEMENT OF THE PARTIES

1. Upon information and belief, admitted.

2. Trails at Cahaba admits that it is a foreign limited liability company formed under the laws of the State of Minnesota with its principal place of business in Minneapolis, Minnesota. Trails at Cahaba denies the remaining material allegations in this paragraph and demands strict proof thereof.

3. There are no material allegations made against Trails at Cahaba in this paragraph; therefore, no response is required. To the extent any material allegations in this paragraph may be

---

[1] Incorrectly identified in Plaintiff's Complaint as "TFAP VII Trails at Cahaba, LLC d/b/a The Trails at Cahaba River". For clarification, the only incorrect part of Defendant's name is the addition of "The" before "Trails".

construed against Trails at Cahaba, said allegations are denied, and Trails at Cahaba demands strict proof thereof.

4.      Trails at Cahaba realleges its responses to the preceding paragraphs as if fully set forth herein.  Trails at Cahaba denies any remaining material allegations asserted against it in this paragraph and demands strict proof thereof.

## STATEMENT OF THE FACTS

5.      Trails at Cahaba realleges its responses to the preceding paragraphs as if fully set forth herein.

6.      Trails at Cahaba admits that, upon information and belief, on or about May 24, 2020 Plaintiff was a resident at 801 Cahaba Forest Cove, Birmingham, AL 35242.  Trails at Cahaba denies the remaining material allegations of this paragraph and demands strict proof thereof.

7.      Trails at Cahaba denies the material allegations in this paragraph and demands strict proof thereof.

8.      Trails at Cahaba denies the material allegations in this paragraph and demands strict proof thereof.  Trails at Cahaba refers any and all questions of law to this Honorable Court.

9.      Trails at Cahaba denies the material allegations in this paragraph and demands strict proof thereof.

Trails at Cahaba denies Plaintiff is entitled to any relief sought in the wherefore paragraph of this Count.

## COUNT ONE
**(Negligence)**

10.    Trails at Cahaba realleges its responses to the preceding paragraphs as if fully set forth herein.

11.    Trails at Cahaba denies the material allegations in this paragraph and demands strict proof thereof.  Trails at Cahaba refers any and all questions of law to this Honorable Court.

12.    Trails at Cahaba denies the material allegations asserted against it in this paragraph and demands strict proof thereof.  Trails at Cahaba refers any and all questions of law to this Honorable Court.

13.    Trails at Cahaba denies the material allegations in this paragraph and demands strict proof thereof.  Trails at Cahaba refers any and all questions of law to this Honorable Court.

14.    Trails at Cahaba denies the material allegations in this paragraph and subparagraphs and demands strict proof thereof.

Trails at Cahaba denies Plaintiff is entitled to any relief sought in the wherefore paragraph of this Count.

## COUNT TWO
**(Negligent Hiring, Training, Maintaining, Supervision of Premises)**

15.    Trails at Cahaba realleges its responses to the preceding paragraphs as if fully set forth herein.

16.    Trails at Cahaba denies the material allegations asserted against it in this paragraph and demands strict proof thereof.  Trails at Cahaba refers any and all questions of law to this Honorable Court.

14. (sic) Trails at Cahaba denies the material allegations asserted against it in this paragraph and demands strict proof thereof.  Trails at Cahaba refers any and all questions of law to this Honorable Court.

15. (sic) Trails at Cahaba denies the material allegations asserted against it in this paragraph and demands strict proof thereof.

Trails at Cahaba denies Plaintiff is entitled to any relief sought in the wherefore paragraph of this Count.

### FIRST DEFENSE

Defendant pleads that Plaintiff has failed to make a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant pleads that venue is improper and/or inconvenient.

### THIRD DEFENSE

Defendant pleads that service was improperly perfected.

### FOURTH DEFENSE

Defendant pleads that this court lacks subject matter jurisdiction.

### FIFTH DEFENSE

Defendant pleads that this court lacks personal jurisdiction.

### SIXTH DEFENSE

Defendant pleads insufficient process.

### SEVENTH DEFENSE

Defendant pleads the failure to join a party pursuant to Rule 19.

## EIGHTH DEFENSE

Defendant denies the material allegations of Plaintiff's Complaint and demands strict proof thereof.

## NINTH DEFENSE

Defendant denies the allegations of negligence.

## TENTH DEFENSE

Defendant pleads contributory negligence.

## ELEVENTH DEFENSE

Defendant contests the damages and demands strict proof thereof.

## TWELFTH DEFENSE

Defendant pleads assumption of the risk.

## THIRTEENTH DEFENSE

Defendant denies the allegations of wantonness.

## FOURTEENTH DEFENSE

Defendant avers that Plaintiff's damages were the proximate result of acts and/or omissions of third parties which were neither employed by nor acting on behalf of Defendant.

## FIFTEENTH DEFENSE

Defendant pleads the superseding and intervening acts of third parties were the proximate cause of Plaintiff's claimed damages.

## SIXTEENTH DEFENSE

Plaintiff's Complaint fails to allege a claim for which punitive damages can be recovered.

## SEVENTEENTH DEFENSE

The claims of Plaintiff for punitive damages cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum

multiple of compensatory damages or a maximum amount that a jury may impose, would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

## EIGHTEENTH DEFENSE

The claims of Plaintiff for punitive damages cannot be sustained because an award of punitive damages under Alabama law by a jury that (1) is not provided a standard sufficient for determining the appropriateness, or the appropriate size, of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary as to damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate these defendants' substantive and procedural due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection and guarantee against double jeopardy.

## NINETEENTH DEFENSE

The claims of Plaintiff for punitive damages cannot be sustained because an award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate these defendants' substantive and procedural due process rights under the Fourteenth Amendment of the United States Constitution and under the due process provisions of the Alabama Constitution.

**TWENTIEH DEFENSE**

Any award of punitive damages based on anything other than Defendant's conduct in connection with the matters that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and guarantee against double jeopardy, because any other judgment for punitive damages in this case cannot protect Defendant against impermissible multiple punishment for the same wrong.

**TWENTY-FIRST DEFENSE**

Any award of punitive damages in this case would violate Defendant's rights under the substantive and procedural due process clauses of the United States Constitution and of the Constitution of the State of Alabama; the excessive fines clauses of the Eight Amendment of the United States Constitution; the contract clause of Article Two of the United States Constitution; the equal protection clauses of the United States Constitution and the Constitution of the State of Alabama.

**TWENTY-SECOND DEFENSE**

The Alabama punitive damages system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. While the Supreme Court of the United States perceived the system as constitutional in *Pacific Mutual Life Insurance Co., v. Haslip*, 499 U.S. 1 (1991), events subsequent to *Haslip* have shown that the system in wholly arbitrary, fundamentally unfair and utterly irrational in violation of due process. See *Armstrong v. Roger's Outdoor Sports, Inc.,* 581 So. 2d 414, 423 (Ala. 1991) (Maddox J., dissenting); *Henderson v. Alabama Power Co.*, 627 So. 2d 878, 894-95 (Ala. 1993) (Maddox, J., dissenting); Id. at 914

(Houston, J., dissenting). The Alabama system affords juries standard less discretion to impose

unlimited punishment, and review of such awards is constitutionally deficient. See *Honda Motor*

*Co., Ltd. v. Oberg*, 114 S.Ct. 2331 (1994). Alabama post-verdict review is neither meaningful,

consistent nor constitutionally adequate to cure this crucial constitutional defect.

### TWENTY-THIRD DEFENSE

The Alabama punitive damage system, on its face and as applied, violates the Due Process

Clause of the Fourteenth Amendment because there are absolutely no meaningful standards of

limits for determining the amount of the award, contravening the deeply rooted American tradition

that punishment may not be imposed in the absence of a pre-existing, express legislatively

established range of penalties.

### TWENTY-FOURTH DEFENSE

The imposition of a punitive damage award in this case in the absence of explicit,

particularized guidelines or standards is highly unfair and unconstitutionally infirm because an

award made in the absence of such guidelines or standards may be grossly excessive,

disproportionate, arbitrary and irrational. A punitive damage award in the absence of such

guidelines or standards will bear no rational or reasonable relationship to these defendant's alleged

conduct in this matter or to any alleged harm to Plaintiff and will dwarf legislatively established

fines for comparable conduct. A punitive damage award in the absence of such guidelines or

standards therefore will violate the Due Process Clause of the Fourteenth Amendment to the

United States Constitution, and the excessive fines clause of the Alabama Constitution, Ala. Const.

Art. I § 15.

### TWENTY-FIFTH DEFENSE

Without the protections previously provided §§6-11-23(a) and 6-11-24, *Code of Alabama*

regarding punitive damages awards, now declared unconstitutional by the Alabama Supreme

Court, the State of Alabama no longer affords to a defendant sufficient protection under the United States Constitution from excessive and arbitrary punitive damage awards.

## TWENTY-SIXTH DEFENSE

A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to Defendants by the Fifth and Fourteenth Amendments to the United States Constitution, and Article One, Sections 1, 6 and 22 of the Constitution of the State of Alabama of 1901. In particular, a mental anguish damage award will violate these constitutional provisions because Alabama juries are given no rule, standard or guidelines upon which to rely in calculating mental anguish damage awards.

## TWENTY-SEVENTH DEFENSE

The award of punitive damages claimed by Plaintiff violates Article I, Section 10[1] and/or the Fourth, Fifth, Sixth, Eighth and/or Fourteenth Amendments to the Constitution of the United States and Article I, Section 6, and other provisions of the Constitution of Alabama on the following separate and several grounds:

(a)     That civil procedures pursuant to which punitive damages are awarded may result wrongfully in a punishment by a punitive damages award after the fact.

(b)     That civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(c)     That civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(d)     That civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against Defendant.

(e)     That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages.

(f)     That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

(g)     That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of the standard of proof less than that applicable to the imposition of criminal sanctions.

(h)     That civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act.

(I)     That civil procedures pursuant to which punitive damages are awarded fail to provide a clear consistent appellate standard of review of an award of punitive damages. (j) That civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to the punitive damages in the same proceeding during which liability and compensatory damages are determined.

(k)     That standards of conduct upon which punitive damages are awarded are vague.

(l)     That civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines.

(m)     That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened in relation to the standard of proof for ordinary civil cases.

(n)     That civil procedures pursuant to which punitive damages are awarded permit the imposition of arbitrary, capricious or oppressive penalties.

(o)     That civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury and the award of punitive damages.

### TWENTY-EIGHTH DEFENSE

Defendant avers that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth at Alabama Code §6-11-21 (Repl. Vol 1993).

### TWENTY-NINTH DEFENSE

To the extent that Plaintiff's demand for punitive damages may result in multiple punitive damage awards to be assessed for the same act or omission against Defendant, this award contravenes Defendant's right to Due Process under the Fourteenth Amendment of the United States Constitution and the Due Process Clause of Article I, Section 13 of the Alabama Constitution. In addition, such an award would infringe upon Defendant's right against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article I, Section 9 of the Alabama Constitution.

### THIRTIETH DEFENSE

With respect to Plaintiff's demand for punitive damages, Defendant specifically incorporate by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards as articulated in the decision of *BMW N. Am., Inc. v. Gore*, 646 So.2d 619 (Ala. 1994), *rev'd*, 517 U.S. 559 (1996), *reh'g denied*, 701 So.2d 507 (Ala. 1997).

### THIRTY-FIRST DEFENSE

Defendant contends that Plaintiff is not entitled to an award of punitive damages, and that an award of punitive damages against Defendant, on the facts of this case, would be contrary to the Constitution of the State of Alabama and the Constitution of the United States. Further, any award of punitive damages to Plaintiff are limited to the standards set out in *BMW N. Am., Inc. v.*

*Gore*, 646 So.2d 619 (Ala. 1994), *rev'd*, 517 U.S. 559 (1996), *reh'g denied*, 701 So.2d 507 (Ala. 1997).

### THIRTY-SECOND DEFENSE

The Alabama system and structure for punitive damage awards, together with the claims for punitive damages sought by Plaintiff in this lawsuit, constitute a violation of the due process clause of the Constitution of the United States, under the authority of *BMW N. Am., Inc. v. Gore*, 646 So.2d 619 (Ala. 1994), *rev'd*, 517 U.S. 559 (1996), *reh'g denied*, 701 So.2d 507 (Ala. 1997).The allegations made by Plaintiff in this action, and Plaintiff's claims for punitive damages generally, and under the Alabama system specifically, constitute inadequate notice to Defendant, to deprive Defendant of due process of law.

### THIRTY-THIRD DEFENSE

Defendant pleads the open and obvious doctrine.

### THIRTY-FOURTH DEFENSE

Defendant pleads that Plaintiff failed to mitigate the alleged damages.

### THIRTY-FIFTH DEFENSE

Defendant avers that it is not guilty of the matters and things alleged in Plaintiff's Complaint and demands strict proof thereof.

### THIRTY-SIXTH DEFENSE

Defendant denies the condition complained of in Plaintiff's Complaint was a dangerous instrumentality.

### THIRTY-SEVENTH DEFENSE

Defendant denies that it breached any alleged duty to Plaintiff.

### THIRTY-EIGHTH DEFENSE

Defendant pleads the affirmative defense of judicial estoppel.

### THIRTY-NINTH DEFENSE

Defendant pleads the affirmative defense of collateral estoppel.

### FORTIETH DEFENSE

Defendant pleads the affirmative defense of equitable estoppel.

### FORTY-FIRST DEFENSE

Defendant pleads *res judicata*.

### FORTY-SECOND DEFENSE

Defendant avers that the 1993 decision of *Henderson v. Alabama Power Company*, 626 So.2d 878, declaring Section 6-11-21, Code of Alabama, 1975 unconstitutional is not the law of the State of Alabama and the cap on punitive damages in the amount of $250,000 contained in that statute is the law of the State of Alabama.

### FORTY-THIRD DEFENSE

Defendant pleads release, satisfaction, and accord.

### FORTY-FOURTH DEFENSE

Defendant denies that it is guilty of any wanton conduct.

### FORTY-FIFTH DEFENSE

Defendant pleads unclean hands.

### FORTY-SIXTH DEFENSE

Plaintiff's claims are barred by lack of proximate cause.

### FORTY-SEVENTH DEFENSE

Defendant pleads the Act of God doctrine.

### FORTY-EIGHTH DEFENSE

Defendant would show that any injury or damage to Plaintiff was caused by intervening and superseding negligence, carelessness, recklessness, or willfulness of other persons or entities over which Defendant had no control.

### FORTY-NINTH DEFENSE

Defendant reserves the right to amend and/or supplement this Answer should discovery reveal new or other available defenses.

### FIFTIETH DEFENSE

Defendant pleads that the protections of Ala. Code §§ 6-11-23(a) and 6-11-24 apply to this action.

### FIFTY-FIRST DEFENSE

Defendant pleads that the protections of Ala. Code §§ 6-11-20 and 6-11-21 may apply to this action.

### FIFTY-SECOND DEFENSE

Defendant pleads that Plaintiff lacks standing and/or capacity and/or is not the proper party to prosecute this action.

### FIFTY-THIRD DEFENSE

Defendant claims as a set-off any monies received by or paid on behalf of Plaintiff for the acts or injuries alleged in Plaintiff's Complaint, including insurance proceeds or settlements of any kind.

### FIFTY-FOURTH DEFENSE

Any verdict based on Plaintiff's claims for compensatory damages for pain and suffering, mental anguish or emotional distress would violate Defendant's guarantee of due process and equal protection under the laws as established by the United States Constitution and the Alabama Constitution as the standards for assessing the propriety of an amount of such damages violate constitutional prohibitions against vague and over broad laws.

### FIFTY-FIFTH DEFENSE

Plaintiff cannot recover for pain and suffering, mental anguish or emotional distress, if any, in that there is no fixed, objective and consistent standard under Alabama law for ascertaining the amount of such damages, such that any award of such damages against Defendant would violate the Fifth and Fourteenth Amendment to the United States Constitution and Article I, Section 6 and Article I, Section 15 of the Alabama Constitution, which prohibit deprivation of life, liberty or property except by due process of law.

### FIFTY-SIXTH DEFENSE

A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to Defendant by the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 1, 6 and 22 of the Constitution of the State of Alabama of 1901. In particular, a mental anguish damage award will violate these constitutional provisions because Alabama juries are given no rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

## FIFTY-SEVENTH DEFENSE

Defendant denies the existence of any defective condition on the subject premises, and states that it did not have actual or constructive notice any such claimed defect.

## PRAYERS FOR RELIEF

Defendant denies Plaintiff is entitled to any relief sought in the prayers for relief set forth in the last paragraph of each Count of Plaintiff's Complaint.

## DEFENDANT DEMANDS TRIAL BY STRUCK JURY

/s/ Angel A. Croes
ANGEL A. CROES (DAR017)
HANNAH H. STOKES (STO099)
Attorneys for Defendants, Timberland Partners Management, Inc. and TPAF VII Trails at Cahaba, LLC

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057
Email:  acroes@carrallison.com
           hstokes@carrallison.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 2nd day of May, 2022, I have served a copy of the above and foregoing on all parties by using the Alafile or CM/ECF system which will send notifications of such to the following counsel for Defendants:

Antonio D. Spurling (SPU006)
SPURLING LAW FIRM, LLC
406 19th Street, Suite 100
Birmingham, Alabama 35218
Telephone: (205) 788-7006
Facsimile: (205) 725-6052
E-mail:  aspurling.esq@gmail.com

**ATTORNEY FOR PLAINTIFF**

/s/ Angel A. Croes
OF COUNSEL



AlaFile E-Notice

01-CV-2022-900886.00

To:  ANGEL D. Croes
     acroes@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROCHELLE BAILEY V. TIMBERLAND PARTNERS, INC. ET AL
01-CV-2022-900886.00

The following answer was FILED on 5/2/2022 10:13:40 AM

Notice Date:     5/2/2022 10:13:40 AM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2022-900886.00

To:  SPURLING ANTONIO DELFONJI
     aspurlingesq@bellsouth.net

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROCHELLE BAILEY V. TIMBERLAND PARTNERS, INC. ET AL
01-CV-2022-900886.00

The following answer was FILED on 5/2/2022 10:13:40 AM

Notice Date:     5/2/2022 10:13:40 AM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2022-900886.00

To:  STOKES HANNAH HOOKS
     hstokes@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROCHELLE BAILEY V. TIMBERLAND PARTNERS, INC. ET AL
01-CV-2022-900886.00

The following answer was FILED on 5/2/2022 10:13:40 AM

Notice Date:      5/2/2022 10:13:40 AM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov